Argued October 25, reversed November 29, 1976
STATE OF OREGON, *Respondent,*
*v.*
GEORGE GILBERT WELLS, *Appellant.*
(No. 93465, CA 5459)
556 P2d 727

*Walter T. Aho,* Oregon City, argued the cause for appellant. With him on the brief was William E. Schumaker, Oregon City.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

In this civil proceeding under the Habitual Traffic Offenders Act, ORS 484.700 to 484.750, defendant appeals from the circuit court's ruling that he is a habitual offender within the meaning of ORS 484.705(1)(a).[1] Under this provision a habitual offender is defined as a person who, within a five-year period, accumulates three convictions for any of the traffic offenses listed in ORS 484.705(1)(a). This list includes the crimes of reckless driving and of driving under the influence of intoxicants.

On July 1, 1974, defendant plead guilty to a charge of reckless driving. On June 17, 1975, he plead guilty to a second charge of reckless driving. Finally, on August 15, 1975, the defendant plead guilty to a charge of driving under the influence of intoxicants.

Defendant contends that he never received the notice required by ORS 484.715 and that the giving of such a notice by the state is a condition precedent to a determination that a person is a habitual traffic offender. The state contends that the statutory notice was given and that in any event it is not a condition precedent to a determination that a person is a habitual offender. The only evidence offered on the notice issue has no probative value for that purpose. Suffice it to say that it was a cryptic computer printout offered by the state for another purpose and capable of many interpretations, most of which would not comply with the provisions of ORS 484.715. In view of the posture of this case we need not and do not here consider who has the burden of pleading and who has

---

[1] "(1) As used in ORS 484.700 to 484.750, unless the context requires otherwise, 'habitual offender' means any person, resident or nonresident, who within a five-year period, has been convicted of or forfeited bail for the number and kinds of traffic offenses described by paragraphs (a) and (b) of this subsection, as evidenced by the records maintained by the division.

"(a) Three or more of any one or more of the following offenses:
"* * * * *." ORS 484.705

the burden of proving notice or lack of notice under ORS 484.715.

Thus, the dispositive issue in this case is whether power to adjudge a driver a habitual traffic offender is conditioned upon the state's compliance with the notice requirement.

ORS 484.715 states:

"When the division receives an abstract of the conviction or bail forfeiture, under ORS 484.240, and the conviction or bail forfeiture is the second one of those described by paragraph (a) of subsection (1) of ORS 484.705 for the convicted person, the division immediately shall notify the licensee and offer him an opportunity of an advisory meeting with a representative of the division in the county wherein the licensee resides. At such a meeting, the division shall advise the licensee of the provisions of ORS 484.700 to 484.750 and of the availability of educational programs for driver improvement."

The use of the word "shall" means that notice is mandatory, absent indications to the contrary. *See Stanley, Adm. v. Mueller,* 211 Or 198, 208, 315 P2d 125, 71 ALR2d 715 (1957). There are no such indications here; indeed, the use of the word "immediately" reveals the importance the legislature attached to this mandatory notice requirement.

The importance of the notice is inherent in the purpose of the Act. The Act is not intended to punish habitual offenders; there is no such crime as being a habitual offender. The purpose of the Act is to protect the public. ORS 484.710. In order to accomplish this purpose, the legislature decided to rely heavily on deterrence and rehabilitation of habitual offenders. *See* Minutes, House Judiciary Committee, April 10, 1973, p 12; Minutes, *supra,* April 18, 1973, p 12; *see also* ORS 484.735(2).

The notice requirement is an important means of accomplishing these objectives. Notice deters potential habitual offenders by creating the possibility that

drivers with two convictions will meet with state officials and have the consequences of a third conviction explained. Also, the notice provision makes it likely that dangerous drivers will be apprised of the availability of rehabilitation programs. The basic purpose of the Act will be frustrated to the extent that there is noncompliance with the notice requirement.

Since the Act does not state whether a circuit court's power under the Act is conditioned upon the Motor Vehicles Division's compliance with the notice requirement, we look to legislative intent. As noted above, the legislature intended to create an effective means of deterring and rehabilitating potential habitual offenders. We hold that Division compliance with ORS 484.715 is a condition precedent to circuit court jurisdiction under the Act.[2]

Reversed.

---

[2] A similar conclusion has been reached by the Attorney General. *See* 36 Op Att'y Gen 859, 867 (1974).