Argued October 25, reversed November 29, 1976

# STATE OF OREGON, *Respondent,*
## *v.*
# VIRGIL ALAN ZOOK, *Appellant.*
## (No. 46777, CA 5962)
556 P2d 989

*Brian P. Jackson,* Albany, argued the cause and filed the brief for appellant.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is a civil proceeding under the Habitual Traffic Offenders Act, ORS 484.700 to 484.750, which is described in *State v. Wells,* 27 Or App 537, 556 P2d 727 (1976). Defendant appeals from the circuit court's ruling that he is a habitual offender.

In 1974 defendant sideswiped a parked car. As a result of this incident he was convicted of reckless driving and of driving under the influence of intoxicants. In 1975 he was convicted of a second charge of driving under the influence of intoxicants. Based on these three convictions, the circuit court ruled that defendant is a habitual offender.

The defendant contends that the circuit court's ruling is erroneous because the two 1974 convictions are not separate convictions for the purposes of the three-convictions requirement of ORS 484.705(1). The validity of this argument depends upon the legislature's intent in adopting this requirement.

One indication of intent is that the legislature expressly provided that the Act shall be known as the Habitual Traffic Offenders Act. ORS 484.700. The use of the word "habitual" suggests that the Act is aimed at drivers who chronically disregard the traffic laws rather than those who commit one serious transgression.[1] Language contained in ORS 484.710(3), in which the legislature made declarations of policy, also reveals an intent to

"* * * discourage repetition of criminal acts [by denying driving privileges to] habitual offenders who have been convicted repeatedly of violations of traffic laws."

The minutes of the relevant House Judiciary Committee hearings contain some indication that the phrase

---

[1] The word "habitual" means "according to habit." Webster's Third New International Dictionary (16th ed 1971). The word "habit" "signifies a way of acting * * * done frequently enough to have become unconscious or unpremeditated in each repetition * * *." Webster's, *supra.*

"repetition of criminal acts" was not intended to refer to multiple convictions arising out of a single incident. For example, while discussing a driver with over 20 convictions based on numerous incidents, a member stated: "these are the drivers covered by this bill."[2] The notice requirement of the Act, which is discussed in *State v. Wells,* supra, is further indication that the legislature was contemplating separate incidents.

In adopting the three-convictions requirement, we conclude that the legislature was, in effect, adopting a three-separate-incidents requirement as an objective test for determining when a driver is in the habit of violating traffic laws.[3] Here there are only two incidents.

Reversed.

---

[2] Minutes, House Judiciary Committee, p 12, April 10, 1973.

[3] Similar reasoning is contained in *State v. Sortor,* 10 Or App 316, 320-21, 499 P2d 1370 (1972) (dealing with the now repealed Habitual Criminal Act).