SCHWAB, C. J.
This is an appeal by the state from an order that dismissed its complaint against defendant under the Habitual Traffic Offenders Act, ORS 484.700 et seq, on the ground that the Motor Vehicles Division had failed to adequately "notify the licensee” as required by ORS 484.715. The question is what does "notify” mean in ORS 484.715.
Notification is required when another conviction will expose a licensee to possible revocation as a habitual offender. The Motor Vehicles Division sent such a statement to defendant by registered mail to the last address defendant had given the Division. For reasons not here relevant, defendant never received this letter. The trial court reasoned that the quality of ORS 484.715-notice should be no less than that which the legislature required for notice of suspension of a license, i.e., personal service or registered mail addressee only, return receipt requested.
We generally agree with the trial court’s approach: the answer to what "notify” means in ORS 484.715[1] can best be found in analogous statutes. ORS 482.430 to 482.570 specify a variety of additional grounds for revocation, suspension and cancellation of a driver’s license. ORS 482.570 provides that when the Motor Vehicles Division does so, "it shall give notice of such action to the person whose license or right is affected.” The balance of ORS 482.570[2] and 487.560(3),[3] read *[1068] together, provide: (1) notification is accomplished by mailing by certified mail addressee only, return receipt requested; (2) if the addressee refuses to accept delivery, notification is nevertheless effective; and (3) if the notice is not delivered because the addressee has failed to inform the Motor Vehicles Division of a change of address, notification is nevertheless effective.
We hold the same provisions govern the nature of notification required by ORS 484.715. Admittedly, the statutes do not explicitly so state. But the revocation procedures in ORS ch 482 and the revocation procedures in ORS ch 484 cover the same subject and should be construed together. This may be a situation where "the legislature probably never considered our present problem.” State v. Welch, 264 Or 388, 393-94, 505 P2d 910 (1973). But had the legislature considered the problem, we believe it would have required the same notice procedure under ORS 484.715 as is required under ORS 482.570 and ORS 487.560(3), read together.
A comparison of the conseqences of notice in the two contexts indicates nothing more could have been *[1069] intended. Notification under ORS 482.570 has immediate and significant legal consequences: it informs the licensee of the availability of an administrative appeal, and informs the licensee that he will be guilty of a crime if he drives beyond a stated date. Notification under ORS 484.715 is substantially less significant: it is only a warning and statement of the availability of remedial driver education programs. See State v. Wells, 27 Or App 537, 556 P2d 727 (1976). A respectable argument can be made that the legislature may have intended more notice under ORS 482.570 than under ORS 484.715. But the statutory scheme suggests no rational way the legislature could have contemplated the converse: more notice under ORS 484.715 than under ORS 482.570.
Yet the concurring opinion would interpret ORS 484.715 as requiring actual notice, even though ORS 482.570 does not. Thus, the concurring view would permit a driver to avoid habitual-offender revocation on grounds of lack of ORS 484.715-notice when the driver refused to accept delivery of registered-mail notice, or when the notice failed to reach him because he had not informed the Division of a change of address. Reading all of the relevant statutes together, we are satisfied the legislature did not intend such results.
We affirm because the record discloses that the Motor Vehicles Division did not send an ORS 484.715-notice to defendant by registered mail addressee only, return receipt requested. Had the Division done so, the act of mailing would be sufficient ORS 484.715-notice, and actual receipt or actual notice would be irrelevant.
Affirmed.

ORS 484.715 provides:
"When the division receives an abstract of the conviction or bail forfeiture, under ORS 484.240, and the conviction or bail forfeiture is the second one of those described by paragraph (a) of subsection (1) of ORS 484.705 for the convicted person, the division immediately shall notify the licensee and offer him an opportunity of an advisory meeting with a representative of the division in the county wherein the licensee resides. At such a meeting, the division shall advise the licensee of the provisions of ORS 484.700 to 484.750 and of the availability of educational programs for driver improvement.”

ORS 482.570 provides:
"When the division, as authorized or required, suspends, revokes or *[1068] cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail addressee only, return receipt requested, to the person’s address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law.”

 ORS 487.560(3) provides:
"(3) The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:
"(a) The defendant refused to sign a receipt for the certified mail containing the notice;
"(b) The notice could not be delivered to the defendant because he had not notified the division of a change in his residence as required by subsection (2) of ORS 482.290; or
"(c) At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension of the defendant’s license, permit or right to apply.”