BUTTLER, J.,
dissenting.
I am unable to concur with either the majority or the specially concurring opinions because I think that a reasonable reading of the Act (ORS 484.700-484.750) compels the conclusion that all ORS 484.715 requires is that the Motor Vehicles Division (MVD) take steps reasonably calculated to apprise the licensee that he has been convicted of two of the described offenses and to offer him an opportunity to meet with a representative of MVD. In my opinion, the letter sent by MVD to defendant by certified mail to the last address defendant had given the Division[1] fulfilled that requirement.
It must be kept in mind that the ORS 484.715 notice does not advise the licensee of a suspension or a *[1076] revocation of his license, nor does it advise the licensee of a right to a hearing. Further, it does not require the licensee to do anything in default of which certain consequences will follow. It is an invitation; in the words of ORS 484.715, it is to "offer him an opportunity of an advisory meeting with a representative of the Division * * *.” The statute does not require that the notice advise the licensee that a third conviction of one of the described offenses will result in a loss of his driving privileges. If, however, the licensee accepts the invitation, the statute provides: "At such meeting, the Division shall advise the licensee of the provisions of ORS 484.700-484.750 and of the availability of educational programs for driver improvement.” If no such meeting takes place, there is no warning required. Regardless of whether the meeting takes place, there is no requirement that the licensee take advantage of the educational programs for driver improvement.
This provision of the Act is a salutary one, and the statutory scheme reflects the legislative desire that the licensee will attend both an advisory meeting and the educational programs, anticipating that by doing so the licensee may improve his driving habits and thereby avoid further convictions resulting in the loss of his driving privileges. This aspect of the Act, however, is precatory, not mandatory.
In spite of this fact, the majority would impress the same notice requirement under ORS 484.715 as the legislature specifically imposed with respect to a notice of suspension, revocation or cancellation of a driver’s license. ORS 482.570. The only significant difference, under the majority view, is that notification would be accomplished by certified mail addressee only, return receipt requested. The extent to which such additional requirement would assure actual notice to the licensee is problematical; its principal achievement would be in establishing that the licensee did, in fact, receive the envelope, which is important with respect to suspensions, etc. See ORS 487.560. If he refuses to accept delivery, the notice is nevertheless *[1077] effective, and if the notice is not delivered because the licensee has failed to inform MVD of a change of address, the notice is also effective, according to the majority’s construction of the section.
The route which the majority takes to arrive at that conclusion is analyzed by Judge Tanzer in his specially concurring opinion, and I agree with that analysis. To it, I would add that the majority readily concedes that, "A respectable argument can be made that the legislature may have intended more notice under 482.570 than under 484.715.” To me, it is apparent that the legislature did so intend, and I would not try to rewrite the statute when there is no ambiguity.
On the other hand, the specially concurring opinion would require that the licensee receive actual notice, regardless of where he might be, in the absence of which no subsequent proceedings under ORS 484.720 et seq may take place. To attribute such a restricted meaning to the word is unnecessary, and I agree with the majority’s statement that there is "no rational way” the legislature could have intended more notice here than in the case of a revocation.
Both the majority and specially concurring opinions would affirm the trial court’s dismissal of these proceedings because this court held in State v. Wells, 27 Or App 537, 556 P2d 727 (1976), that the giving of the notice under ORS 484.715 after conviction of the second described offense is a condition precedent to bringing civil proceedings under ORS 484.720, et seq., after the third such conviction. In my view, assuming that Wells was correctly decided, the notice given in this case complied with the requirements of ORS 484.715, and we should reverse the dismissal.
However, if I am incorrect in concluding that MVD "notified” the defendant within the meaning of the statute, I would still reverse the dismissal because I do not think the giving of the notice under ORS 484.715 after the second conviction is a condition precedent to maintaining this proceeding commenced under ORS *[1078] 484.720, et seq., after the third conviction. Such a result would require overruling Wells, but I am persuaded it was not correctly decided.
While it is true that ORS 484.715 evidences a legislative intent to train or retrain potentially competent drivers who have been convicted of multiple serious traffic offenses, the procedure set forth in that section is not the exclusive method of carrying out the legislative intent. ORS 484.735 permits one who has been judicially determined to be a habitual offender to obtain a one-year renewable probationary license conditioned, among other things, on his successful completion of a defensive driving course conducted by the Division. The training, etc., may be either before or after a determination that the licensee is a habitual offender, and while it is hoped that something can be done after the second conviction and before the third to avoid such determination, there is no assurance that the licensee will accept the Division’s help even if the ORS 484.715 notice is given. There is, however, virtual assurance that he will do so after he is judicially determined to be a habitual offender.
The principal purpose of the Act is to protect the public (ORS 484.710) not the multiple offender. The effect of Wells is to do the latter, particularly in view of this court’s decision today. The sections of the Act which follow ORS 484.715 are mandatory, without reference to the ORS 484.715 notice: ORS 484.720 requires the MVD to certify the operating record of an habitual offender to the district attorney of the county in which the offender resides, and further requires the district attorney to file a complaint against that person, charging him with being a habitual offender. ORS 484.725 requires the court in which the complaint is filed to enter an order directed to the person named therein to show cause why he should not be barred as a habitual offender from operating a motor vehicle on the highways of this state. Under ORS 484.730, the only bases on which the court may dismiss the proceedings are expressly stated: if the court finds that the *[1079] person before the court is not the person named in the abstract, or that he is not a habitual offender. But if the court finds that the person before the court is the person named in the abstract and that the person is a habitual offender, the court shall so find and by appropriate order direct the person not to operate a motor vehicle on the highways of this state, etc.
It is significant that nothing in any of these sections even suggests that the notice under ORS 484.715 be given as a condition precedent thereto; in particular, ORS 484.730 does not authorize, much less direct, dismissal of the proceedings for failure to give that notice. To the contrary, the proceedings following the third conviction or bail forfeiture are mandatory on the MVD, the district attorney, and the court. If this were not the case, what course is MVD to follow after the third conviction, but before notification under ORS 484.715? Presumably, it would be required to give the notice and then wait for a fourth conviction, which would not only be directly contrary to the Act, but would not "provide maximum safety for all persons who travel or otherwise use the public highways * * or carry out the other expressly stated policies of the Act. ORS 484.710.[2] Is this what the legislature intended? I think not. Rather, it intended that the third conviction of the defined offenses result in a mandatory determination that the licensee is a habitual offender and that he lose his driving privileges, *[1080] subject to the provisions of ORS 484.735,[3] under which driver training is available as a condition of a probationary license. Additionally, ORS 484.745[4] permits a person, at the expiration of ten days after the date of the order finding him to be a habitual offender, to petition the court for restoration of his driving privileges, and for good cause shown, the court may, in its discretion, restore such privileges upon such terms and conditions as the court may prescribe. Presumably, failure of MVD to give the ORS 484.715 notice would be a factor in determining good cause. But in the meantime the highway users need not wait for the *[1081] next shoe to drop, and the habitual offender’s right to operate an automobile would be subject to the court’s jurisdiction, which is the purpose of the Act.
There are other methods of enforcing the informal procedures encompassed by ORS 484.715, if the director ignores its requirements, such as mandamus or removal of the director from office. Emasculating the Act is not necessary. Our function is to enforce the Act as written if there is a reasonable way to do so without doing violence to the purposes of the Act. It is up to the legislature, not this court, to rewrite it.
I would reverse and remand for further proceedings.
Therefore, I respectfully dissent.
Richardson and Joseph, Judges, join in this dissent.

ORS 482.290 requires a licensee to notify MVD of any change in address ■within 30 days after the date of change.

 ORS 484.710 provides:
"It is hereby declared to be the policy of this state:
"(1) To provide maximum safety for all persons who travel or otherwise use the public highways of this state;
"(2) To deny the privilege of operating motor vehicles on the public highways to persons who by their conduct and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state, the orders of her courts and the statutorily required acts of her administrative agencies; and
"(3) To discourage repetition of criminal acts by individuals against the peace and dignity of the state and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws.”

 ORS 484.735 provides:
"(1) Except as provided in subsection (2) of this section, a license to operate motor vehicles in this state shall not be issued to a habitual offender:
"(a) For a period of 10 years after the date of the order of the court finding a person to be a habitual offender; and
"Ob) Until the privilege of the person to operate a motor vehicle in this state has been restored by order of a court of record entered in a proceeding as provided by ORS 484.745.
"(2) A one-year, renewable probationary license may be issued to a habitual offender if he:
"(a) Successfully completes a defensive driving course conducted by the division;
"(b) Continually satisfies the conditions of the probationary license; and
"(c) Submits a report of a diagnostic examination conducted by a private physician showing to the satisfaction of the State Health Officer that he is physically and mentally competent to drive.
"(3) The conditions of a probationary license shall include that if a habitual offender is convicted of more than one moving violation within any 12-month period the probationary license shall be revoked and may not be reinstated for one year from the date of last conviction.
"(4) The division may establish by rule additional conditions of a probationary license.”

 ORS 484.745 provides:
"At the expiration of 10 years after the date of any final order finding a person to be a habitual offender the person may petition any court of record in the county in which he then resides, for restoration of his privilege to operate a motor vehicle in this state. Upon such petition, and for good cause shown, the court may, in its discretion, restore to the person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators’ or chauffeurs’ licenses.”