Submitted November 1, reversed and remanded for new trial
December 4, 1978

STATE OF OREGON, *Appellant,*
*v.*
EUGENE RAYMOND SCHILZ, *Respondent.*
(No. A 77-12-18414, CA 10746)
587 P2d 100

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Donald L. Paillette, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

This is a proceeding under the Habitual Traffic Offender Act, ORS 484.700 to 484.750. On December 27, 1977, a complaint to declare defendant a habitual traffic offender was filed by the district attorney in Multnomah County Circuit Court. The state appeals from an order of the trial court dismissing the complaint on the ground that:

> "* * * [I]n the absence of actual notice to defendant, notification of the warning letter pursuant to ORS 482.715 must be by certified mail, return receipt requested, addressee only, regardless [of] whether the letter was mailed before or after July 1, 1976."

■ On May 8, 1974, the Motor Vehicles Division (MVD), in accordance with ORS 484.715, mailed a warning letter to defendant's last known address, 6905 Southeast 21st Avenue, Portland, Oregon, 97233. The letter was mailed *certified mail, return receipt requested,* and was received and signed for by defendant's wife, H. Schilz.

On May 8, 1974, defendant was separated from his wife and living elsewhere. He was receiving his mail, however, at his wife's home at the above address during that period of time when the notification was mailed to him. Defendant had never notified the MVD of any mailing address or residence address other than 6905 Southeast 21st Avenue, Portland. His wife did not tell him about the letter in question and he never actually received it personally.

ORS 484.715 provides:

> "When the division receives an abstract of the conviction or bail forfeiture, under ORS 484.240, and the conviction or bail forfeiture is the second one of those described by paragraph (a) of subsection (1) of ORS 484.705 for the convicted person, the division immediately shall notify the licensee and offer him an opportunity of an advisory meeting with a representative of the division in the county wherein the licensee resides. At such a meeting, the division shall advise the licensee of

[ 277 ]

the provisions of ORS 484.700 to 484.750 and of the availability of educational programs for driver improvement."

ORS 482.570 provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

The circuit court erroneously concluded that to give proper notice to the defendant that the warning letter should have been mailed *addressee only.*

In *State v. Wells,* 27 Or App 537, 556 P2d 727 (1976), this court held that compliance with the notice requirements of ORS 484.715 is a condition precedent to circuit court jurisdiction to declare a motorist a habitual traffic offender. Then in *State v. Carlile,* 31 Or App 1065, 572 P2d 629 (1977), this court held that notification to a licensee required by the Habitual Traffic Offender Act is the same as required by ORS 482.570 for notice of suspension or revocation of a driver's license.[1]

It is significant that the warning letter in this case was mailed in May, 1974. The statute controlling notice of suspensions and revocations, ORS 482.570, *then* provided:

"* * * Service of the notice is accomplished either by mailing the notice by certified mail, return receipt

---

[1] *State ex rel Robinett v. Smith,* 31 Or App 1167, 572 P2d 346 (1977), held proof of compliance with the notice requirement of ORS 484.715 is unnecessary when the evidence shows defendant had actual knowledge of the opportunity for an advisory meeting of which that statute requires notification.

requested, or at the option of the division, by personal service in the same manner as a summons is served in an action at law * * *."

*See State v. Buen,* 13 Or App 426, 509 P2d 865 (1973). The more restrictive notice provisions in the statute considered in *State v. Carlile, supra,* did not become effective until July 1, 1976; thus, the MVD complied with the notice requirements of ORS 482.570 that were in effect at the time it mailed the letter to the defendant.

*State v. Carlile, supra,* requires notice of the warning letter to be accomplished in the same manner as that of driver's license suspensions or revocations. In 1974, notices of suspension required mailing by certified mail, return receipt requested, and permitted receipt by anyone in the addressee's household. Therefore, in May, 1974, the warning letter was properly served on the defendant.

■ In *State v. Carlile, supra,* the state's position was that the notice requirements for notices of suspension were part of an entirely different statute and should not be engrafted by implication into the Habitual Traffic Offenders Act. The state did not point out and we did not note that the MVD had complied with the notice provisions that were in effect at the time it mailed the letter to the defendant Carlile. Thus, when it was pointed out to the trial judge in the instant case that the abstract of record in *Carlile* revealed that the warning letter in that case was mailed on August 5, 1975, it led the trial court here to the conclusion that the intent of *Carlile* was to impose upon the MVD a procedural requirement retroactively. To do so would effectively invalidate previous notices mailed by MVD that complied with the statutory requirements in force at the time they were mailed. Such was not the intent of *Carlile,* and we hold that a notice given under ORS 482.570 is legally sufficient if it was given in the form and manner required by the statute as it existed at the time the notice was given.

Reversed and remanded for new trial.