Argued and submitted April 13, affirmed June 1, 1981

STATE ex rel MOTOR VEHICLES DIVISION
*Respondent,*

*v.*

CONFORTH,
*Appellant.*

(No. 80-6-705, CA 18802)

628 P2d 781

Garry L. Reynolds, Hermiston, argued the cause for appellant. With him on the brief was Morrison, Reynolds & Bloom, P.C., Hermiston.

No appearance made by respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Defendant appeals from an order declaring him to be a habitual traffic offender within the meaning of ORS 484.700 to 484.750, contending that the court lacked subject matter jurisdiction over the proceeding because the state did not allege in its complaint that it had given the notice provided by ORS 484.715.[1] We affirm.

At the hearing on the order to show cause issued on the basis of the complaint, the state introduced certified copies of convictions of three traffic citations and the warning letter required by ORS 484.715. Defendant objected to the admission of the warning letter on the grounds that it was not relevant to any issue raised by the pleadings and did not come within the scope of the pleadings. The objection was overruled, and at the conclusion of the state's case defendant's motion to dismiss for want of subject matter jurisdiction was denied.

In *State v. Wells,* 27 Or App 537, 556 P2d 727 (1976), we held that the giving of the notice provided for in ORS 484.715 is essential to the court's power to declare a defendant a habitual traffic offender; because the state did not prove the giving of such notice, we reversed the trial court's order determining defendant to be a habitual traffic offender. In *Wells,* we expressly did not decide who has the burden of pleading and proving the notice or lack of notice under ORS 484.715. In *State v. Carlile,* 31 Or App 1065, 572 P2d 629 (1977), we affirmed the dismissal of the state's complaint under the Habitual Traffic Offender's Act on the ground that the Motor Vehicles Division had failed to "notify the licensee" as required by ORS 484.715. Although we did not expressly address the question of who had the burden of proof, it appears from the opinion that the burden was placed on the state to prove that it had given

---

[1] ORS 484.715 provides:

"When the division receives an abstract of the conviction or bail forfeiture, under ORS 484.240, and the conviction or bail forfeiture is the second one of those described by paragraph (a) of subsection (1) of ORS 484.705 for the convicted person, the division immediately shall notify the licensee and offer him an opportunity of an advisory meeting with a representative of the division in the county wherein the licensee resides. At such a meeting, the division shall advise the licensee of the provisions of ORS 484.700 to 484.750 and of the availability of educational programs for driver improvement."

the requisite notice. Our concern was with the meaning of the word "notify" as used in the statute; in other words, what kind of notice was required. A majority of the court concluded that it meant sending the requisite notice by registered mail, addressee only, return receipt requested. '

Defendant here relies on the concluding sentence of our opinion in *State v. Wells, supra,* in which we said that Division compliance with ORS 484.715 "is a condition precedent to circuit court jurisdiction under the Act." 27 Or App at 537. We used the word "jurisdiction" loosely to mean that the court did not have authority to enter an order declaring defendant to be a habitual traffic offender unless it was shown that the requisite notice was given. Clearly, the court had jurisdiction over both the defendant and the subject matter,[2] but the defendant contended he did not receive the required notice and the state did not prove that it had given the notice.

We now hold that it is not necessary for the state to allege the giving of the notice; it is sufficient if the state proves at the trial that it gave the notice required by the statute as construed in *State v. Carlile, supra.*

Affirmed.

---

[2] Notwithstanding our holding in *Wells* that the notice is a pre-requisite to the determination of habitual offender status, the sections of the Act which follow ORS 484.715 are mandatory, without reference to the ORS 484.715 notice. ORS 484.720 *requires* the MVD to certify the operating record of a habitual offender to the district attorney of the county in which the offender resides, and further *requires* the district attorney to file a complaint against that person, charging him with being a habitual offender. ORS 484.725 *requires* the court in which the complaint is filed to enter an order directed to the person named therein to show cause why he should not be barred as a habitual offender from operating a motor vehicle on the highways of this state. Under ORS 484.730, the *only* bases on which the court may dismiss the proceedings are expressly stated: if the court finds that the person before the court is not the person named in the abstract, or that he is not a habitual offender. But if the court finds that the person before the court is the person named in the abstract and that the person is a habitual offender, the court *shall* so find and by appropriate order direct the person not to operate a motor vehicle on the highways of this state.