**No. 28437**

**Daryl Lawrence Fuhrer v. Department of Motor Vehicles and William A. Cassell as Chief of the Department of Motor Vehicles**

(592 P.2d 402)

Decided March 26, 1979.

Thomas F. Dixon, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Richard H. Forman, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE ROVIRA delivered the opinion of the Court.

The appellant appeals the ruling of the district court which upheld the revocation of his driving privileges by the Department of Motor Vehicles (DMV) under sections 42-2-122(1)(i) and 42-2-202(2)(a), C.R.S. 1973. We affirm.

Appellant was convicted of driving under the influence of alcohol on September 18, 1969, September 3, 1975, and April 5, 1976. In addition, he was convicted of driving while ability impaired on October 4, 1974.

On May 17, 1976, the DMV held a hearing to consider the appellant's driving record. At the conclusion of that hearing, the appellant's privilege to operate motor vehicles was revoked under section 42-2-122, C.R.S. 1973, because he had three convictions for driving under the influence, and under section 42-2-201, *et seq.,* C.R.S. 1973 (Habitual Offenders Act), because he had three convictions within a seven-year period for driving under the influence or driving while ability impaired.

The appellant presents four bases for his challenge of the ruling of the DMV: first, that section 42-2-205, C.R.S. 1973, was repealed by implication by the subsequent passage of section 42-2-124, C.R.S. 1973; second, that the Habitual Offenders Act violates the equal protection clause of the Fourteenth Amendment to the United States Constitution; third, that the Habitual Offenders Act does not require revocation of the offender's driving privileges; and fourth, that the hearing officer abused his discretion in denying the appellant a probationary driver's license.

I.

Appellant's first contention is that section 42-2-205(1), C.R.S. 1973, was repealed by implication by the subsequent passage of an inconsistent statute, section 42-2-124(1), C.R.S. 1973. Those provisions state:

"42-2-205. Prohibition. (1) No license to operate motor vehicles in this state shall be issued to an habitual offender, nor shall an habitual offender operate a motor vehicle in this state:

"(a) For a period of five years from the date of the order of the department finding such person to be an habitual offender . . . ."

"42-2-124. Period of suspension or revocation. (1) The department shall not suspend a driver's license or privilege to drive a motor vehicle on the public highways for a period of more than one year . . . ."

The alleged inconsistency here is that section 42-2-205(1) requires revocation of driving privileges for a five-year period, while section 42-2-124(1) provides that such driving privileges shall not be suspended for more than one year.

We note that the repeal of a statute by implication is viewed with disfavor in Colorado. *People v. Burke,* 185 Colo. 19, 521 P.2d 783 (1974); *People v. District Court in and for the Second Judicial District,* 196 Colo. 249, 585 P.2d 913 (1978). A judicial construction which harmonizes statutory ambiguities is preferred. *People v. District Court, supra; Bagby v. School District No. 1,* 186 Colo. 428, 528 P.2d 1299 (1974). Only where there is a manifest inconsistency between a later and an earlier statute will repeal by implication be held to have occurred. *People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972).

The legislature codified these principles in section 2-4-205, C.R.S. 1973, which provides that, in the event statutes conflict, effect shall be given to both, if such is possible. If such is not possible, the more specific provision shall prevail as an exception to the general rule, absent a clear legislative intent to revoke the prior specific provision. *Cf. Casselman v. Denver Tramway Corporation,* 39 Colo. App. 306, 568 P.2d 84 (1977). This section resolves the instant conflict.

Section 42-2-205, C.R.S. 1973, is the more specific statute in this case, concerning the revocation of driving privileges of habitual offenders only. Section 42-2-124, C.R.S. 1973, is a provision of broader scope, governing the administration of driving privileges in general.

Applying the rules of law set forth in the cases cited above and in section 2-4-205, C.R.S. 1973, we find that these statutes can be construed to be in accord with each other. The five-year period of revocation provided in section 42-2-205(1), C.R.S. 1973, is an exception to the general rule of a one-year period promulgated in section 42-2-124(1), C.R.S. 1973.[1] As such, the appellant's argument of repeal by implication is rejected.

---

[1] This statutory construction is supported by the language of section 42-2-201(1)(c), C.R.S. 1973, which states that one policy of the act is "to impose *increased and added* deprivation of the privilege to operate motor vehicles upon habitual offenders . . . ." (Emphasis added.)

## II.

The appellant's second contention is that the Habitual Offenders Act violates the equal protection clause, *U.S. Const.* amend. XIV. The challenged provision is section 42-2-202(1), C.R.S. 1973, which states:

"An habitual offender is any person, resident or nonresident, who has accumulated convictions for separate and distinct offenses described in subsection (2) of this section committed during a seven-year period or committed during a five-year period for separate and distinct offenses described in subsection (3) of this section; except that, where more than one included offense is committed within a one-day period, such multiple offenses shall be treated for the purpose of this part 2 as one offense . . . ."

The appellant contends that the exception in which two offenses committed within a one-day period are considered only one offense for the purposes of the statute violates the equal protection rights of those prosecuted under the statute who do not fall within the exception.

A statute is presumed to be constitutional, and the person assailing the statute has the burden of proving it is unconstitutional. *People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974). Because this provision involves neither a suspect class nor a fundamental right, it can be found to violate the equal protection clause only if it is without a rational basis. *Gates v. South Suburban Metropolitan Recreation and Park District,* 183 Colo. 222, 516 P.2d 436 (1973).

Although we have never before addressed this issue, the Court of Appeals of Oregon held in a case which involved a similar issue, *State v. Zook,* 27 Ore. App. 543, 556 P.2d 989 (1976), that the Habitual Offenders Act of that state was aimed at drivers who chronically disregard traffic laws, rather than those who commit one serious transaction. We presume that the purpose of including the challenged language in Colorado's version of the act was to codify this distinction. It may well be that a person whose offenses arise within a 24-hour period — and possibly out of the same transaction — has not shown himself to be an *habitual* offender, while a person who has been arrested and convicted on three distinct occasions on different days, has shown evidence of habit. We cannot say that the legislature was irrational in enacting this statutory scheme and, as such, find there is a rational basis for the provision. The constitutional challenge must thus fail.

## III.

The appellant's third argument is that the Habitual Offenders Act does not require the revocation of driving privileges of an habitual offender. We disagree. The language of section 42-2-205(1), C.R.S. 1973, plainly mandataes the termination of an habitual offender's right to operate a motor vehicle for a period of five years.

## IV.

The appellant's final contention is that the DMV hearing official abused his discretion in denying the appellant a probationary license pursuant to section 42-2-122(4), C.R.S. 1973 (1978 Supp.). Once again, the unambiguous terms of section 42-2-205(1), C.R.S. 1973, resolve the issue. That subsection states that no driver's license of any type can be issued to an habitual offender for the prescribed period. The hearing officer did not abuse his discretion because he had no discretion to issue a probationary license. There can be no abuse of discretion in the discharge of a purely ministerial act. *Creech v. State Department of Revenue, Motor Vehicle Division,* 190 Colo. 174, 544 P.2d 633 (1976).

For the reasons stated above, we affirm the judgment of the district court.

MR. JUSTICE CARRIGAN does not participate.