Alan N. CHARNES, Director of the Department of Revenue, Motor Vehicle Division, and The Department of Revenue, Motor Vehicle Division of the State of Colorado, Appellants,

v.

Dennis D. KISER, Appellee.

No. 79SA18.

Supreme Court of Colorado, En Banc.

Oct. 20, 1980.

J. D. MacFarlane, Atty. Gen., Richard Hennessey, Deputy Atty. Gen., Mary Mullarkey, Sol. Gen., Deanna E. Hickman, Asst. Atty. Gen., Denver, for appellants.

No appearance for appellee.

LEE, Justice.

The Department of Revenue, Motor Vehicle Division (department) appeals from an order of the Denver District Court, which required that Dennis D. Kiser, who was adjudicated to be a habitual traffic offender, be given an opportunity to apply for a probationary driver's license under the provisions of section 42–2–122(4), C.R.S. 1973 (1979 Supp.). We reverse.

Pursuant to section 42–4–1202(1)(b), C.R.S. 1973, Kiser was three times convicted of driving while his ability was impaired by the consumption of alcohol, on November 1, 1973, April 29, 1976, and September 15, 1977. Kiser was notified of a hearing for suspension of license (section 42–2–123, C.R.S. 1973), and for revocation of license (section 42–2–201, et seq., C.R.S. 1973).

At the conclusion of the hearings, the examiner ordered the suspension of Kiser's driver's license for one year under section 42–2–123, for accumulation of "points." That suspension is not at issue in this appeal. The examiner also determined that Kiser was a habitual traffic offender and ordered the revocation of Kiser's license for a period of five years, as required by the Habitual Traffic Offenders Act (Act), section 42–2–201 et seq.

Kiser sought review in the district court, claiming a denial of equal protection of the law guaranteed by the United States Constitution, amend. XIV. The district court ruled that unless the Act was interpreted to allow the offender to apply for a probationary driver's license, as is permitted under section 42–2–122(4), C.R.S. 1973 (1979 Supp.), the Act must be held unconstitutional as denying equal protection of the law. The court then upheld the revocation but ordered that Kiser be allowed to apply for a probationary driver's license in the same manner as would be permitted if his license were revoked under section 42–2–122(1)(i), C.R.S. 1973.

Subsequent to the proceedings in the district court in this case, our decision in *Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1978) was announced, which held that no license of any kind could be issued to a habitual offender for a period of five years. In the context of that case, we held that the denial of a probationary license to a habitual traffic offender was not an abuse of discretion since the hearing officer had no discretion to issue a probationary license.

Because the holding of the district court here was that Kiser's right to equal protection would be violated unless he has the right to apply for a probationary license, we address that challenge.

In *Heninger v. Charnes*, Colo., 613 P.2d 884 (1980), an equal protection argument was also asserted and rejected. We there noted that in several cases this court has held that the right to drive upon the public highway is not a fundamental right. The court stated that the classification of alcohol–related driving offenses under sections 42–2–122(1)(g) and (i), and under section 42–2–202(2)(a)(I), C.R.S. 1973, was reasonably related to the expressed governmental interest of providing "maximum safety for all persons who travel or otherwise use the public highways * * *." Section 42–2–201(1)(a), C.R.S. 1973. The court concluded that, since there was no fundamental interest involved and there was a rational basis for the statutory classifications, there was no violation of equal protection of the law.

Adopting the same reasoning, we perceive no denial of equal protection in the imposition of the statutory sanction imposed on Kiser as a habitual offender—that he may not operate a motor vehicle upon a public highway for a period of five years and is ineligible to apply for a probationary driver's license.

Section 42–2–122(1)(i), C.R.S. 1973, mandates revocation of the license of one who has been convicted three times of driving a motor vehicle while under the influence of intoxicating liquor, *without regard to any time period* within which the convictions must have occurred. Section 42–2–122(4) allows a person who has had his license thus revoked under section 42–2–122(1)(i) to apply for a probationary license upon the satisfactory completion of a course of alcohol treatment in a program approved by the division of highway safety. In contrast, section 42–2–202(2)(a)(I) defines a habitual offender as one who *within a seven-year period or portion thereof* has been convicted three times of " * * * operating a motor vehicle while under the influence of intoxicating liquor or drugs or while ability is impaired by the use of intoxicating liquor or drugs, in violation of section 42–4–1202," and mandates that he shall not operate a motor vehicle upon the public highways for a period of five years[1] and shall have his driver's license revoked for such period of time. Section 42–2–203, C.R.S. 1973; *Fuhrer v. Department of Motor Vehicles, supra.*[2]

The General Assembly has recognized that licensed drivers who have demonstrated an " * * * indifference to the safety and welfare of others and their disrespect for the laws of this state * * * " (section 42–2–201, C.R.S. 1973) by having been convicted of three alcohol–related offenses within a seven–year period are a greater danger to the users of the public highways than those drivers whose alcohol–related offenses have occurred over a longer period of time. This difference in treatment is not an irrational one and it is clearly within the legislative authority to impose more severe sanctions on those designated as habitual traffic offenders.

It follows that the district court erred in ordering the department to permit Kiser to apply for a probationary license.

Accordingly, the judgment is reversed.

---

1. Section 42–2–205, C.R.S. 1973, provides:

   "(1) No license to operate motor vehicles in this state shall be issued to an habitual offender, nor shall an habitual offender operate a motor vehicle in this state:

   "(a) for a period of five years from the date of the order of the department finding such person to be an habitual offender; and

   "(b) until such time as financial responsibility requirements are met."

2. It would be clearly inappropriate for the department to impose only the sanction of section 42–2–122(1)(i), that of indefinite suspension of driving privileges, when the records of the department show without dispute that the traffic offender had been three times convicted of alcohol–related offenses within a seven–year period. As noted in *Fuhrer, supra*, in this situation, the department has no discretion but to revoke the offender's license for five years.