Robert Lee VAN GERPEN,
Plaintiff–Appellant,

v.

Maurice PETERSON, Hearing Examiner for the State of Colorado, Department of Revenue, Motor Vehicle Division, Defendant–Appellee.

No. 79SA546.

Supreme Court of Colorado,
En Banc.

Nov. 17, 1980.

King & Wallin, Tad Wallin, Fort Collins, for plaintiff–appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Terre Lee Rushton, Asst. Atty. Gen., Denver, for defendant–appellee.

QUINN, Justice.

The Department of Revenue (department), after a revocation hearing, determined that the appellant, Robert Lee Van Gerpen, was a habitual traffic offender and revoked his operator's license pursuant to section 42–2–203, C.R.S. 1973. The appellant sought judicial review of the revocation under section 24–4–106, C.R.S. 1973, and the district court upheld the revoca-

tion.[1] We affirm the judgment of the district court.

The department entered its order of revocation at a hearing on November 27, 1978, at which it was established that the appellant had been convicted on three separate occasions for driving a motor vehicle while his ability was impaired by alcohol. Section 42–4–1202(1)(b), C.R.S. 1973.[2] The dates of these offenses were June 25, 1974, May 17, 1978 and May 24, 1978. The order of revocation was entered pursuant to section 42–2–202(2)(a), C.R.S. 1973. That section, in pertinent part, defines a habitual traffic offender as:

"[O]ne having, within [a] seven–year period, or portion thereof, three or more convictions of any of the following separate and distinct offenses arising out of separate acts:

"(I) Operating a motor vehicle while under the influence of intoxicating liquor or drugs or while ability is impaired by the use of intoxicating liquor or drugs, in violation of section 42–4–1202 ...."

Appellant asserts that strict statutory construction of section 42–2–202(2)(a)(I), C.R.S. 1973, requires the reversal of his license–revocation. He also raises claims of due process and equal protection violations in the statutory scheme. We find no merit in his contentions.

## I.

Appellant's first argument is two–pronged. Initially, he claims that the offense of driving while impaired on June 25, 1974, was prosecuted under section 13–5–30 of the 1963 Colorado Revised Statutes;[3]

therefore, under the doctrine of strict construction of penal statutes, he was never convicted of violating section 42–4–1202, C.R.S. 1973, as required for revocation under section 42–2–202(2)(a)(I), C.R.S. 1973. Alternatively, he argues that in the absence of such strict and limited application of section 42–2–202(2)(a)(I), C.R.S. 1973, he will be denied due process of law. *U.S. Const.* Amend. XIV; *Colo.Const.* Art. II, Sec. 25.[4]

## A.

■ Strict statutory construction requires that penal statutes be construed liberally in favor of those whose interests are affected by the statute. *See, e. g., People v. Home Insurance Co.*, 197 Colo. 260, 591 P.2d 1036 (1979); *Battaglia v. Moore*, 128 Colo. 326, 261 P.2d 1017 (1953). On occasion the rule of strict construction has been applied to statutory forfeitures and disabilities not amounting to pure criminal sanctions. *E. g., Battaglia v. Moore, supra; Collins v. Peckham Road Corp.*, 18 A.D.2d 860, 236 N.Y.S.2d 415 (1963); *Marter v. Repp*, 80 N.J.L. 530, 77 A. 1030 (1910). Its primary purpose is to achieve a fair and reasonable result, not a convoluted distortion of legislation enacted for the benefit of the public generally. *E. g., Rinnander v. Milk Products*, 114 Colo. 506, 166 P.2d 984 (1946). The construction urged by the appellant in this case would skew legislative intent to the point of totally frustrating the government's legitimate efforts to curb the serious problems posed by the habitual traffic offender.

1. This appeal was filed originally in the court of appeals and subsequently was transferred to this court pursuant to section 13–4–110(1)(a), C.R.S. 1973.

2. The department also entered an order of suspension for a period of one year under section 42–2–123, C.R.S. 1973 (1979 Supp.), due to the appellant's accumulation of points for violations within a twelve month period. That order of suspension is not contested on this appeal.

3. C.R.S. 1963, 13–5–30(1)(b) (1969 Perm.Supp.) provides that "[i]t is a misdemeanor for any

person to drive any vehicle in this state while such person's ability to operate a vehicle is impaired by the consumption of alcohol." This section is presently found in section 42–4–1202(1)(b), C.R.S. 1973, which is identical to it in language.

4. Appellant makes the identical constitutional argument under due process and equal protection, as if those constitutional guarantees were unitary and interchangeable. We fail to discern in his brief any basis for an equal protection claim on his first argument.

The Habitual Traffic Offender Act was enacted by the 1973 General Assembly with an effective date of July 1, 1973. Colo.Sess.Laws 1973, ch. 74, 13–4–38 *et seq.*, at 275. Its basic purpose is to provide maximum safety to travelers and users of the public highways by denying the privilege of operating motor vehicles to those "who by their conduct and record have demonstrated their indifference to the safety and welfare of others...." Colo.Sess.Laws 1973, ch. 74, 13–4–38(1)(c) at 275. All references in the original enactment were to the 1963 Colorado Revised Statutes because the 1973 Colorado Revised Statutes were not yet compiled and published. Section 2–5–124(1)(a), C.R.S. 1973 (1979 Supp.), fixes the effective and operative date of the 1973 Colorado Revised Statutes at December 31, 1974,[5] and section 2–4–208, C.R.S. 1973, provides that any statutory provision in the 1963 Colorado Revised Statutes reenacted into the 1973 Colorado Revised Statutes is "intended to be a continuation of the prior statute and not a new enactment, insofar as it is the same as the prior statute." Working in tandem with these provisions is section 2–5–113(3), C.R.S. 1973, which provides that:

"The provisions of the Colorado Revised Statutes 1973, insofar as they are the same in substantial intent, effect, and meaning as those of prior laws, shall be given effect as though a continuation of those laws and not as new enactments."

The offense of driving while one's ability is impaired by alcohol, which appears at C.R.S. 1963, 13–5–30(1)(b) (1969 Perm. Supp.), is identical in all respects to section 42–4–1202(1)(b), C.R.S. 1973. Thus, the appellant's argument for a construction of section 42–2–202(2)(a)(I), C.R.S. 1973, that would exclude his 1974 conviction for driving while impaired has been answered adversely to him by the clear expression of legislative intent in the reenactment provisions of the 1973 Colorado Revised Statutes. *Cagle v. Charnes*, Colo.App., 604 P.2d 697

(1979). Moreover, section 42–2–208, C.R.S. 1973, of the Habitual Traffic Offender Act expressly provides that its revocation sanction applies to all offenses occurring on or after July 1, 1973.

The appellant's argument falls of its own weight. Were we to adopt his proposed construction, the mere enactment of the 1973 Colorado Revised Statutes would result in removing from the scope of the Habitual Traffic Offender Act all alcohol related offenses prosecuted under C.R.S. 1963, 13–5–30, merely because of its subsequent renumbering to 42–4–1202, C.R.S. 1973. We find his proposed construction untenable in all respects.

### B.

The second prong of appellant's argument is that the application of section 42–2–202(2)(a)(I), C.R.S. 1973, to his 1974 conviction violates due process of law. We disagree.

In *Heninger v. Charnes*, Colo., 613 P.2d 884 (1980), we noted that the right to drive an automobile upon the public highways is not a fundamental right and is subject to reasonable governmental restrictions in the interest of public health, safety and welfare. *Accord, Charnes v. Kiser*, Colo., 617 P.2d 1201 (1980); *Fuhrer v. Dept. of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979); *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971); *Love v. Bell*, 171 Colo. 27, 465 P.2d 118 (1970). "When one has consistently demonstrated a total disregard for his responsibilities as a driver and for the safety of other drivers and pedestrians, he cannot complain when he loses his conditional right to use the highways of the state." *Campbell v. Colorado*, 176 Colo. 202, 211, 491 P.2d 1385, 1390 (1971). In view of the pronounced legislative policy of providing maximum safety for highway travelers and users in this case, section 42–2–201, C.R.S. 1973, the application of section 42–2–

---

5. In arranging the 1973 Colorado Revised Statutes, the revisor of statutes was expressly authorized to make "such changes in arrangement and terminology as will ... improve the style and clarity of the laws, yet preserve the intent, effect, and meaning of each statutory provision." Section 2–5–103, C.R.S. 1973.

202(2)(a)(I), C.R.S. 1973, to appellant's 1974 conviction clearly comported with due process of law.

## II.

Next, appellant argues that section 42–2–202(2)(a)(I), C.R.S. 1973, violates his rights under equal protection because the statute mandates the identical sanction of license–revocation for the disparate offenses of driving while impaired and driving while under the influence.

Admittedly, the classification established by the habitual traffic offender statute does not distinguish driving while ability impaired from driving under the influence for purposes of a license–revocation. Nor, for that matter, does the statute restrict habitual traffic offender status to alcohol related offenses. Rather, the statute establishes a classification of traffic offenders having the common characteristic of repeatedly committing traffic offenses dangerous to the safety and welfare of others.

Mathematical precision in statutory classification is not required. In fact, it is often unattainable. Equal protection of the laws does not require that the state choose between attacking every aspect of the problem or not attacking the problem at all. *Dandridge v. Williams*, 397 U.S. 471, 486, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491, 503 (1970). Where, as here, the statutory classification involves neither a fundamental right nor a suspect class, equal protection is satisfied as long as the similarity in treatment is reasonable in light of the legitimate public purpose sought to be achieved by the statutory scheme. *E. g., Heninger v. Charnes, supra; Fuhrer v. Dept. of Motor Vehicles, supra; L. Tribe, American Constitutional Law*, § 16–2 (1978). We find the similarity in treatment accorded by the Habitual Traffic Offender Act to prior convictions for driving while one's ability is impaired and driving while under the influence is reasonably related to the public–safety goals of the statute and comports with equal protection of the laws. *See, e. g., Charnes v. Kiser, supra; Heninger v. Charnes, supra.*

The judgment is affirmed.