623 P.2d 871 (1981)
Robert Tilford COLGAN, Plaintiff-Appellant,
v.
STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, and Alan N. Charnes, its Director, and Marvin Heller, its Representative, Defendants-Appellees.
No. 79SA357.
Supreme Court of Colorado.
February 17, 1981.
Russell E. Yates, McDaniel & Yates, Durango, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Terre Lee Rushton, Asst. Atty. Gen., Denver, for defendants-appellees.
*872 DUBOFSKY, Justice.
Robert Tilford Colgan (the appellant) appeals a judgment of the district court of La Plata County affirming the revocation of his driver's license by a Department of Revenue hearing officer under section 42-4-1202(3)(e), C.R.S. 1973 (the implied consent law).[1] We affirm.
On the evening of February 24, 1976, a state highway patrol officer (the officer) pulled his car to the right shoulder of a highway south of Durango to avoid colliding with the appellant's vehicle as it passed a pick-up truck. The officer turned, pursued the appellant, and stopped him for improper passing. Because the officer smelled liquor on the appellant's breath, he asked him to take a roadside sobriety test. When the appellant could not successfully complete the test, the officer arrested him for improper passing and driving under the influence of alcohol. The officer advised the appellant of his Miranda rights,[2] gave him a copy of the implied consent form, and read the form to him.[3] The appellant stated that he wanted the advice of counsel before deciding to take the chemical blood alcohol test. The officer explained the implied consent requirements and told the appellant to "think it over" as they drove to the sheriff's office.
At the sheriff's office, they again discussed the appellant's unwillingness to make a decision to take the test without consulting his attorney. The officer estimated that the discussion took about half an hour. He informed the appellant that he could not make the decision for him and that if the appellant could not decide whether to take the test without first consulting counsel, the officer would consider that a refusal to take the test. The appellant did not take the test.
The hearing officer found that the officer had reasonable grounds to believe that the appellant was driving a motor vehicle while under the influence of alcohol, concluded that the appellant did not comply with the implied consent statute and revoked the appellant's driver's license for a period of six months. The district court found that there was sufficient evidence in the record to sustain the revocation of the appellant's driver's license.
The appellant here challenges the sufficiency of the evidence offered to prove that *873 he was properly advised of his rights under the implied consent law. He also maintains that he was denied equal protection of the laws because section 42-4-1202(3)(e) does not authorize the issuance of probationary drivers' licenses although section 42-2-122(4), C.R.S. 1973 (1980 Supp.) enables persons who have been convicted twice or three times of driving under the influence of alcohol to obtain probationary drivers' licenses upon satisfactory completion of a course of alcohol treatment. We conclude that the evidence was sufficient to sustain the revocation and that the appellant's equal protection argument is not properly before us.
The appellant contends that the Miranda advisement of his right to counsel, which prefaced the advisement that he had no right to consult with an attorney prior to taking a blood alcohol test, so confused him that he cannot be held accountable for his refusal to take the test. In support of this argument, he cites Calvert v. Motor Vehicle Division, 184 Colo. 214, 519 P.2d 341 (1974).[4] There, Calvert was held not strictly accountable for his refusal to take the test because the arresting officer failed to explain that the Miranda right to remain silent does not include the right to consultation with an attorney before submitting to a blood alcohol test.
The facts in this case differ significantly from those in Calvert. Here the officer advised the appellant that his Miranda right to prior consultation with an attorney did not apply to the decision to take a blood alcohol test. The officer testified that he and the appellant discussed this issue at length and that he finally advised the appellant that a refusal to decide would be considered a refusal to take the test. We have held that an officer is not required to ascertain a driver's subjective state of mind; external manifestations of unwillingness to take a chemical test are enough to constitute a refusal. Dolan v. Rust, 195 Colo. 173, 576 P.2d 560 (1978). The trial court found that the appellant's statements and conduct manifested a refusal to submit to a blood alcohol test; we affirm its ruling.
The appellant also maintains that the implied consent statute, which does not entitle a driver to apply for a probationary license, denies him equal protection of the laws because drivers whose licenses are revoked under section 42-2-122(1)(g) or (i), C.R.S. 1973,[5] "shall be eligible for a hearing for a probationary license upon the satisfactory completion of a course of alcohol treatment in a program approved by the division of highway safety...." Section 42-2-122(4), C.R.S. 1973 (1980 Supp.). The appellant acknowledges that our decision in Augustino v. Colo. Dep't of Revenue, 193 Colo. 273, 565 P.2d 933 (1977), upheld the constitutionality of the implied consent law but distinguishes Augustino on the ground that we there held that the mandatory revocation provisions of section 42-4-1202(3)(e) do not deprive a driver of due process, while he here challenges the omission of a probationary license provision as a denial of equal protection.[6]
*874 We do not reach the appellant's constitutional challenge because it was not properly preserved for appellate review. The appellant's petition for judicial review of agency action challenged the hearing officer's order of revocation because "the failure of the arresting officer to comply with the provisions of said sections" [section 42-4-1202(3)(a) and (b)] violated "the plaintiff's rights under the provisions of the Fourteenth Amendment of the Constitution of the United States and Article II, Section 25 of the Colorado Constitution" (emphasis added). These allegations, no matter how liberally construed, do not place the constitutionality of the legislature's probationary licensing scheme at issue. Moreover, appellant never raised and the district court never considered appellant's equal protection challenge to the statute during the license revocation review proceedings. This court will not consider constitutional issues raised for the first time on appeal. Manka v. Martin, Colo., 614 P.2d 875 (1980); Hessling v. Broomfield, 193 Colo. 124, 563 P.2d 12 (1977).
Judgment affirmed.
NOTES
[1] Section 42-4-1202(3)(e) provides:

"The department, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving a motor vehicle while under the influence of, or impaired by, alcohol and that the person had refused to submit to the test upon the request of the law enforcement officer, shall, as soon as possible, serve notice upon said person, in the manner provided in section 42-2-117, to appear before the department and show cause why his license to operate a motor vehicle ... within this state should not be revoked.... At such hearing, it shall first be determined whether the officer had reasonable grounds to believe that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol.... If reasonable grounds are established ... the department shall forthwith revoke said person's license to operate a motor vehicle ... within this state for a period of six months...."
The statute was amended in 1977 to reduce the penalty for the first refusal to submit to a blood alcohol test to a three month revocation. 1977 Colo.Sess.Laws, ch. 549 at 1863.
[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[3] The implied consent form contains the following advisements:

"(1) You are advised that a person who drives a motor vehicle upon a public highway in this state shall be deemed to have given his consent to a chemical test of his blood, breath, or urine for the purpose of determining the alcohol content of his blood.... You are further advised that ... you have no right to consult with an attorney before deciding to submit to, or refuse, a chemical test of your blood, breath, or urine.
* * * * * *
(5) You are advised that, if you choose to refuse to submit to a chemical test as requested by the arresting officer the test will not be given; provided further, that the Department of Revenue, upon receipt of a written report from the arresting officer stating your refusal, shall serve notice upon you to appear before the Department of Revenue and show cause why your license to operate a motor vehicle or your privilege to operate a motor vehicle within this state should not be revoked for a period of six months."
(Emphasis added.)
[4] The argument that a driver is not accountable for refusal to take a blood alcohol test because he has been confused by his Miranda and implied consent warnings is not novel. See Davis v. Colo. Dep't of Revenue, Colo., 623 P.2d 874 (1981); Augustino v. Colo. Dep't of Revenue, 193 Colo. 273, 565 P.2d 933 (1977); Calvert v. Motor Vehicle Division, supra; Washington v. Dolan, 38 Colo.App. 414, 557 P.2d 1223 (1976).
[5] Section 42-2-122(1) provides:

"The department shall forthwith revoke the license of any driver, minor driver, or provisional driver upon receiving a record showing that such driver has: ... (g) been twice convicted of driving a motor vehicle while under the influence of intoxicating liquor or any drug which made him incapable of safely operating a motor vehicle, within a period of five years...; (i) been convicted three times of driving a motor vehicle while under the influence of intoxicating liquor or any drug which made him incapable of safely operating a motor vehicle...."
[6] Equal protection is not denied by the availability of a probationary driver's license to persons convicted under subsections 42-2-122(1)(g) and (i) and its unavailability to persons convicted as habitual offenders under section 42-2-202(2)(a)(I), C.R.S. 1973 (having three or more convictions within a seven-year period of operating a motor vehicle while under the influence of intoxicating liquor). Charnes v. Kiser, Colo., 617 P.2d 1201 (1980); Henninger v. Charnes, Colo., 613 P.2d 884 (1980); Fuhrer v. Department of Motor Vehicles, 197 Colo. 325, 592 P.2d 402 (1979).