Mary Anne MAURER, Property Tax Administrator, State of Colorado, Plaintiff–Appellant,

v.

YOUNG LIFE, formerly The Young Life Campaign; and the Board of Assessment Appeals, and Its Members, Henry F. Schriver, Chairman, Joy C. Carpenter, and James T. McDonald, Defendants–Appellees.

No. 85CA1732.

Colorado Court of Appeals, Div. II.

Oct. 29, 1987.

Rehearing Denied Dec. 3, 1987.

Certiorari Granted (Maurer) March 14, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Holme Roberts & Owen, Richard R. Young, Susan D. Campbell, Colorado Springs, for defendants-appellees.

KELLY, Judge.

Mary Anne Maurer, the Property Tax Administrator of the State of Colorado (the Administrator), appeals the judgment of dismissal entered by the trial court based on its conclusion that the Administrator was without standing to seek district court review of an order of the Board of Assessment Appeals granting a property tax exemption to the defendant, Young Life. We affirm.

The standing of the Administrator to seek judicial review of the decision of the Board of Assessment Appeals is the critical issue in this case. Because we conclude that the order of the trial court correctly states the issues and the applicable law, we adopt that order as our own and thus set it forth herein:

"This case arises as a result of an effort by Young Life to obtain an exemption from general taxes on the ground that its property is owned and used solely and exclusively for religious worship and not for private or corporate profit. C.R.S. 1973, 39-3-101 *et seq.* The [Administrator] denied Young Life's request, and Young Life appealed to the Board of Assessment Appeals (the Board). On October 26, 1984, the Board decided in favor of Young Life and ruled that it was exempt from taxes retroactive to 1976. The Administrator sought and obtained an order from the Board finding this matter to be one of statewide concern, and neither party has appealed from this finding.

"On November 21, 1984, the Administrator filed her Complaint with this Court seeking judicial review of the decision of the Board. In her Complaint, she alleged that she has standing to bring this appeal by virtue of the provisions of C.R.S.1973, 39-8-108(2), and C.R.S.1973, 24-4-106, the Administrative Procedure Act.

"Defendants have moved this Court to dismiss the Complaint, and argue that the Administrator has no standing to bring an appeal in this case under the two statutes

cited above. On December 13, 1984, the Administrator filed a motion with this Court requesting leave to amend the Complaint to include an allegation which refers to C.R.S.1973, 39–2–117(6), as the source from which the Administrator derives her standing to bring this action. In reply, defendants argue that the Administrator's motion to amend is untimely, and therefore too late; they argue that section 39–2–117(6) does not grant a right of appeal to the Administrator; and they argue that if the statute does apply in this case, it applies only to tax years commencing on or after January 1, 1984.

"In brief, the Court finds that neither section 39–8–108(2) nor section 24–4–106 provides the Administrator with any standing to prosecute an appeal from an adverse decision by the Board of Assessment Appeals. The defendants' Motion to Dismiss is therefore granted. The Court further finds that the Administrator's Motion to Amend, to add reference to C.R.S.1973, 39–2–117(6), is well-taken, and that motion is hereby granted. However, the Court finds that section 39–2–117(6) does not provide the state tax administrator with the right or authority to appeal from an adverse decision by the Board, and the amendment by the Administrator does not result in avoidance of defendants' Motion to Dismiss.

"The Administrator does not appear to continue to rely upon sections 39–8–108(2) or 24–4–106 to supply her with standing to seek review of the Board's order in this Court, since no brief was ever submitted to support these allegations by the Administrator. However, since the Administrator has never renounced or disclaimed reliance upon these provisions of the statutes, the Court will address them briefly.

"The Court agrees with the analysis of sections 39–8–108(2) and 24–4–106 which was presented by defense counsel in his brief and arguments. It is clear that section 39–8–108(2) relates solely to the right of the Administrator to appeal from decisions of county equalization boards in matters of *assessment* or *valuation* of property. In no way does this statute confer upon the Administrator the right to appeal from adverse decisions pertaining to *exemption* from taxes. The Colorado Supreme Court has noted that there are differences in the manner in which review may be taken in these two distinct procedures. *[West–Brandt Foundation, Inc.] v. Carper,* 199 Colo. 334, 608 P.2d 339 (1980). The Administrator may not rely upon procedures pertaining to assessments to provide rights of appeal in matters pertaining to exemptions.

"The Administrator's reliance on section 24–4–106 is also disposed of by the language of the statute and by Supreme Court interpretations of that statute. The statute itself provides that only 'persons' may appeal from adverse decisions by any agency, and 'person' is defined to specifically exclude any 'agency' of the State of Colorado. C.R.S.1973, sections 24–4–106(4) and 24–4–102(12). The language of the statute makes it quite clear that the Administrator, as an agency of the state, is not a 'person' who is entitled to appeal when adversely affected or aggrieved by any agency action, and this point was emphasized by the Colorado Supreme Court in *Board of County Commissioners v. Love,* 172 Colo. 121, 470 P.2d 861 (1970):

'Plaintiffs further contend that such authority to sue is found in the Administrative Code, C.R.S.1963, 3–16–5 [now 24–4–106]. We do not agree. Rights of review of final agency actions are limited to "persons" who are defined to be "an individual, partnership, corporation, association and public or private organization of any character *other than an agency."* C.R.S.1963, 3–16–1(1)(c) [now 24–4–102(12)]. It is clear that a board of county commissioners is an "agency" within the meaning of the Administrative Code and as such is not a person who may seek review of "final agency action." '

*Board of County Commissioners v. Love, ibid,* emphasis in original. See also, *Board of County Commissioners v. State Board of Social Services,* 186 Colo. 435, 528 P.2d 244 (1974). It hardly requires comment that the State Tax Administrator

is an 'agency' within the meaning of section 24–4–106 and 24–4–102(12).

"The Court therefore finds and determines that sections 39–8–108(2) and 24–4–106 do not supply the State Tax Administrator with the right or authority to seek review of an adverse decision by the Board of Assessment Appeals. The Administrator obtains no standing in this action by virtue of either of these two statutes.

"The Administrator has asked this Court for leave to amend its Complaint in order to add a reference to C.R.S.1973, 39–2–117(6). This statute provides as follows:

'(6) If the decision of the board is against the petitioner, the petitioner may, within thirty days after such decision, petition the district court of the county wherein the property is located for judicial review thereof pursuant to section 24–4–106, C.R.S. If the decision of the board is against the respondent, the respondent, upon the recommendation of the board that it is a matter of statewide concern and within thirty days after such decision, may petition the district court of the county in which the property is located for judicial review pursuant to section 24–4–106, C.R.S.'

"Defendants argue that the Administrator should not be permitted to amend her Complaint because she did not request the amendment within thirty days of the decision of the Board as required by the above-quoted statute. However, if the claim 'asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,' the amended pleading 'relates back' to the date of the original pleadings. C.R.C.P. 15(c). The only amendment sought by the Administrator is to obtain the inclusion of a reference in the Complaint to the provisions of section 39–2–117(6). An examination of the Complaint shows that the Administrator included language which would state a claim under the language of the statute, and merely omitted to include a recitation of the numbers of the statute itself. The Court finds that the case of *People v. District Court*, 200 Colo. 65, 612 P.2d 87 (1980) applies to the circumstances of this case and requires this Court to grant the requested amendment.

"The granting of the amendment, however, yields nothing to the Administrator. An examination of the statute reveals that there is no language which grants to the Administrator the right or authority to prosecute the request for judicial review which is sought to be obtained in this case.

"The Administrator looks to the second sentence of section 39–2–117(6) to support a claim that she has a right to seek review of Board decisions in the district court. However, that sentence merely refers to the right of a 'respondent' to appeal to a district court, and does not specifically denominate the Property Tax Administrator. 'In construing a section of a legislative act, it is fundamental that the whole of the act must be read and considered in context. *Humana, Inc. v. Board of Adjustment*, 189 Colo. 79, 537 P.2d 741 (1975). Subparagraph (6) of this section must be read in conjunction with subparagraph (5). This latter subparagraph reads as follows:

'(5) An appeal from any decision of the property tax administrator may be taken *by the board of county commissioners* of the county wherein such property is located, *or by any owner* of taxable property in such county, *or by the owner* of the property for which exemption is claimed if exemption has been denied or revoked in full or in part. Any such appeal shall be taken to the board of assessment appeals no later than thirty days following the decision of the property tax administrator.'

"Subparagraph (5) refers to a right of appeal by the board of county commissioners, or by any owner of property, but nowhere does it refer to a right of appeal by the property tax administrator.

"Perhaps a certain confusion has arisen in this case because the Administrator has been denominated the 'respondent' in the proceedings which were taken to the Board of Assessment Appeals. The Administrator would like the Court to conclude that because she has been named as the respondent, she necessarily has available to her all the rights of the 'respondent' which is

referred to in section 39–2–117(6). The mere denomination of the Administrator as the respondent, however, whether right or wrong, cannot bestow upon her any rights which are not specifically granted by the statute.

"It is more appropriate to view the Administrator as 'the lower tribunal' than as a party to the action. It is helpful to refer to Justice Doyle's discussion of this distinction in *People ex rel. State Board of Equalization v. Hively*, 139 Colo. 49, 336 P.2d 721 (1959), in order to understand the Administrator's role in cases such as this. Justice Doyle pointed out that the tax assessor in *Hively* had both ministerial and quasi judicial functions. Once the quasi judicial functions were completed, and the assessment rolls were submitted to the board of equalization, 'his quasi judicial functions were ended, and his duties thereafter to be performed were purely ministerial, and that which is subsequently done by other boards, with jurisdiction to act in the premises, cannot be changed or questioned by him....' *Hively, supra*, p. 73 [336 P.2d 721], citations omitted. Justice Doyle then concluded:

'Thus, the Assessor here had no more standing to question the validity of the action of the Board than a lower court has to question the validity of the mandate of a reviewing court.'

*Hively, supra*, p. 74 [336 P.2d 721]; *Board of County Commissioners v. Love, supra*.

"The position of the Administrator here is very analogous to that of the assessor in *Hively*. When the Administrator denied the request of Young Life for an exemption from taxes, she acted in a quasi-judicial capacity. To permit her to question the decision of the Board of Assessment Appeals would be the same as to permit a lower court to contest the decision of an appeals court which reverses its decision. It simply is not done.

"There is yet another reason for finding that section 39–2–117(6) does not bestow upon the Administrator the right to appeal from decision of the Board. To find otherwise would place this statute in direct con-

flict with the provisions of section 24–4–106. Section 24–4–106, and cases construing this statute, demonstrate clearly that agencies such as the Administrator may not prosecute appeals of adverse decisions by other agencies ... If section 39–2–117(6) provides the Administrator with rights of appeal where these same rights are denied by virtue of the language of section 24–4–106, the two laws would be in direct conflict and this Court would be compelled to find that section 39–2–117(6) in effect repealed portions of section 24–4–106 when it passed into law.

"Repeals of statutes, or portions of statutes, by implication are not favored. *State Board of Medical Examiners v. Jorgensen*, 198 Colo. 275, 599 P.2d 869 (1979); *Fuhrer v. Department of Motor Vehicles*, 197 Colo. 325, 592 P.2d 402 (1979); *People v. District Court*, 196 Colo. 249, 585 P.2d 913 (1978).

'When two apparently contradictory statutes relate to the same subject matter and two alternative constructions are possible, one of which will result in giving effect to both statutes, we will adopt the interpretation that gives effect to both statutes rather than the one which results in repeal of the earlier statute by implication.'

"*People v. District Court, [supra]* at p. 252 [585 P.2d 913]. A judicial construction which harmonizes statutory ambiguities is preferred. 'Only where there is a manifest inconsistency between a later and an earlier statute will repeal by implication be held to have occurred.' *Fuhrer v. Department of Motor Vehicles, supra* [197 Colo.], p. 328 [592 P.2d 402]; *People v. James*, 178 Colo. 401, 497 P.2d 1256 (1972).

"Therefore, an interpretation of section 39–2–117(6) which concludes that the Administrator has no rights of appeal bestowed upon her by this statute is not only justified by the plain language of the statute, it is also justified by the fact that to interpret it otherwise would result in a direct conflict with earlier statutes. Statutes must be construed in light of the apparent legislative intent and purpose, and it is proper for courts to consider the

ends the statute was designed to accomplish and the consequences which would follow from alternative construction. *Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978).

"The final phrase of section 39–2–117(6) provides that any appeal by 'the respondent' must be done 'pursuant to section 24–4–106 C.R.S.' The words 'pursuant to' could mean one of two things: (1) it could mean that the legislature intended to change 24–4–106 in order to allow appeal of final agency action by another agency, or (2) it could mean that any appeal by a respondent must conform to the requirements of section 24–4–106. The first interpretation would result in a repeal by implication of portions of section 24–4–106, while the latter interpretation would result in harmony between sections 24–4–106 and 39–2–117(6). *Fuhrer v. Department of Motor Vehicles, supra.*

"There is nothing in section 39–2–117(6) which manifests a clear intent by the legislature to grant a right of appeal to the Administrator in circumstances such as those which are presented by the facts of this case. In the absence of such clear intent, this Court must find that no such result was contemplated or intended by the legislature.

"It is therefore Ordered that the Motion to Dismiss filed by the defendants is hereby GRANTED."

In view of our conclusions, we need not reach the Administrator's arguments.

The judgment is affirmed.

SMITH and VAN CISE, JJ., concur.