Gale W. SCHRAG, Plaintiff–Appellant,

v.

Steve ALTMAN, Hearing Officer, Colorado Department of Revenue, Motor Vehicle Division; and Alan N. Charnes, Executive Director thereof, Defendants–Appellees.

No. 87CA1234.

Colorado Court of Appeals, Div. VI.

Dec. 8, 1988.

King, Paulsen & Wanebo, P.C., Dennis B. Wanebo Westminster, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Bradly J. Holmes, Asst. Atty. Gen., Denver, for defendants-appellees.

HARDEMAN,* Judge.

Gale W. Schrag appeals the district court order upholding the revocation of his driving privileges under the Habitual Traffic Offender Act. We affirm.

Schrag was convicted of three alcohol-related traffic offenses committed between February 25, 1978, and February 2, 1985. The convictions were entered between August 1, 1978, and October 19, 1986. The hearing officer determined that Schrag was an habitual offender and revoked his license accordingly. The district court affirmed.

Schrag contends that he is not an habitual offender because, although the three offenses were committed within a seven-year period, the dates of the convictions spanned more than eight years. We disagree.

Section 42–2–202(1) C.R.S. (1984 Repl. Vol. 17) provides that "an habitual offender is any person ... who has accumulated convictions for separate and distinct offenses committed during a seven-year period...." Section 42–2–202(2)(a), C.R.S. (1984 Repl.Vol. 17) provides that "an habitual offender is one having, within such seven-year period or portion thereof, three or more convictions of any of the following

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

separate and distinct offenses arising out of separate acts...." The section lists offenses including those of which Schrag was convicted.

The basic purpose of this statute is to provide maximum safety to travelers and users of the public highways by denying driving privileges to those "who by their conduct and record have demonstrated their indifference to the safety and welfare of others...." Section 42–2–201(1)(b), C.R. S. (1984 Repl.Vol. 17).

Penal statutes are to be construed liberally in favor of those whose interests are affected by the statute to achieve a fair and reasonable result, but such statutes are not to be given a construction that is a convoluted distortion of legislation enacted for the benefit of the public generally. *Van Gerpen v. Peterson*, 620 P.2d 714 (Colo.1980).

Here, if we were to rule, as Schrag contends, that the three convictions must occur within a seven-year period, such an interpretation would frustrate the purpose of the statute by allowing a defendant to avoid the statutory penalty through scheduling delays and continuances in the criminal proceeding. Therefore, we decline to interpret the statute in that manner and hold that, while the three offenses must occur within a seven-year period, the convictions may occur over a longer time.

We will not consider Schrag's remaining contention, as it concerns a document that is not part of the record. *See In re Petition of Edilson*, 637 P.2d 362 (Colo.1981).

JUDGMENT AFFIRMED.

ENOCH ** and HODGES,** JJ., concur.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).