Mary Anne MAURER, Property Tax Administrator, State of Colorado, Plaintiff–Appellant,

v.

DENVER URBAN ECONOMIC DEVELOPMENT CORPORATION, and Board of Assessment Appeals, State of Colorado, Defendants–Appellees.

No. 88CA0037.

Colorado Court of Appeals, Div. IV.

May 4, 1989.

Rehearing Denied June 1, 1989.

Certiorari Denied Oct. 2, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Bradly J. Holmes, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Davis, Graham & Stubbs, John R. Wilson, Denver, for defendants-appellees.

Opinion by Judge TURSI.

Mary Anne Maurer, the Property Tax Administrator of the State of Colorado (the Administrator), appeals the trial court's judgment affirming the decision of the Board of Assessment Appeals (Board) which granted defendant Denver Urban Economic Development Corporation (Denver Urban) an exemption from property taxation pursuant to § 39–3–101(1)(g), C.R.S. (1982 Repl.Vol. 16B). We affirm.

Denver Urban, a nonprofit Colorado corporation formed to promote economic development and minority employment, spearheaded a project called the Denver Growth Center. The Center is a small business "incubator" designed to foster the development of start-up businesses, thus creating job opportunities for unemployed individuals in this severely economically depressed area.

The Center is located in a facility purchased for the project by Denver Urban. The facility can accommodate fifteen to twenty businesses and requires them to pay from $4.00 to $10.00 a square foot per annum for the space. The charges are used by the Center to provide the businesses with access to administrative services. In addition, the Center has organized a volunteer network of business people to provide professional assistance to the businesses. Once a business has become self-sufficient, it is required to leave the Center to make room for a new enterprise.

## I

Initially, Denver Urban argues that the Administrator's appeal must be dismissed because the Administrator lacks standing to appeal the decision of the Board under *Maurer v. Young Life*, 751 P.2d 653 (Colo.App.1987) (*cert. granted* March 14, 1988). We decline to follow the rationale in *Maurer v. Young Life* where we held that the Administrator lacked standing to appeal an order issued by the Board. Instead, we hold that the Administrator does have standing to appeal an adverse decision of the Board pursuant to § 39–2–117(6), C.R.S. (1988 Cum.Supp.) when there has been a determination that "the decision concerns a matter of statewide concern." Hence, we conclude the Administrator has standing to pursue this appeal. *See also* § 39–2–113(1)(b), C.R.S. (1982 Repl.Vol. 16B).

## II

The Administrator argues that there is no evidentiary support for the Board's conclusion that the use of the property owned by Denver Urban is strictly charitable. We disagree.

The district court affirmed the Board's conclusion which held that Denver Urban meets the standards for a charity as set forth in *West Brandt Foundation, Inc. v. Carper*, 652 P.2d 564 (Colo.1982). Since the Board's findings and conclusions are supported by the evidence and applicable law, we may not disturb them on appeal. Sections 39–2–117(6), C.R.S. (1988 Cum. Supp.), and § 24–4–106(11), C.R.S. (1988 Repl.Vol. 10A).

## III

The Administrator also argues that, under § 39–3–101(1)(g)(I)(A), C.R.S. (1982 Repl.Vol. 16B), property must be owned and used by the same entity. This section provides for an exemption from taxation for property "that is owned and used solely

and exclusively for strictly charitable purposes and not for private gain or corporate profit...." We find no requirement that the property must be owned *and* used by the same entity, and we decline to read such a requirement into the wording of § 39-3-101(1)(g)(I).

The Administrator further contends that the district court erred in concluding that § 39-3-101(1)(g.1), C.R.S. (1988 Cum.Supp.) was inapplicable here. We disagree.

Section 39-3-101(1)(g.1) provides an exemption for property used by an entity other than the owner when the property is used for a religious, educational, or charitable purpose pursuant to § 39-3-101(1), C.R.S. (1982 Repl.Vol. 16B). The district court interpreted this statute as establishing "a means by which one charity could rent space at cost to an unrelated charity without jeopardizing the property's tax-exempt status...." The situation present here does not involve such an arrangement. The district court properly concluded that the record supported the finding that, "Denver Urban, the Growth Center, and the fledgling enterprises are inseparable parts of a single, integrated charitable activity. Given this unity, ownership and use should not be viewed separately for purposes of determining tax status." Therefore, we do not discuss whether an exemption may be granted pursuant to § 39-3-101(1)(g.1).

Judgment affirmed.

JONES and REED, JJ., concur.