24CA0805 Matter of Lindholm 08-15-2024 COLORADO COURT OF APPEALS Court of Appeals No. 24CA0805 Kiowa County District Court No. 24MH1 Honorable Samuel S. Vigil, Judge In the Matter of Laura Catherine Lindholm, Ward, Kenneth Lindholm and Nora Elaine Lindholm, Petitioners-Appellees, v. Laura Catherine Lindholm, Respondent-Appellant. ORDER AFFIRMED Division IV Opinion by JUDGE HAWTHORNE* Navarro and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 15, 2024 Steerman Law Offices PLLC, Donald L. Steerman, Lance P. Clark, Lamar, Colorado, for Petitioners-Appellees Randa Davis-Tice, Lamar, Colorado, for Respondent-Appellant *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Respondent, Laura Catherine Lindholm, appeals the district court’s order granting her parents and legal guardians’ (petitioners) request for the imposition of a legal disability or deprivation of legal rights pursuant to section 27-65-127, C.R.S. 2023. We affirm. I. Background ¶ 2 In January 2024, petitioners filed a petition to impose a legal disability on Lindholm and deprive her of her legal rights to determine her place of residence and make her own decisions for medical treatment. According to the petition, Lindholm had been diagnosed with schizophrenia, refused to take prescribed medication, and exhibited signs of paranoia and delusional thoughts. The district court granted a temporary imposition of legal disability and deprivation of legal rights, and Lindholm was placed in an inpatient treatment facility. ¶ 3 In February 2024, the district court issued an order for the imposition of a legal disability and deprivation of legal rights, and the matter was set for a review hearing so that Lindholm, who had a new attorney appointed, could present additional evidence opposing the court’s order. After the hearing, the court concluded that its prior order should remain in place and set the matter for a review 
2 hearing in April. The court found that (1) Lindholm has “a mental health disorder,” “is a danger to herself or others,” and “is gravely disabled”; and (2) “the requested disability or deprivation being proposed” — the rights to determine her place of residence and decision making for medical treatment — were “necessary and desirable.” The court made these findings after hearing testimony from Lindholm, as well as her treating psychiatrist, mother, former counselor, and former employer. ¶ 4 In April 2024, Lindholm’s treating psychiatrist advised the district court that while he remained concerned about her mental condition and her willingness to take medication, inpatient treatment was no longer necessary. Rather, placement with the petitioners was the least restrictive placement option for her. Lindholm objected to a continuation of the court’s legal disability and deprivation of legal rights order. She did not object to leaving the inpatient treatment facility but said she was agreeable to living with the petitioners only until she got “back on her feet.” She also objected to any order requiring her to participate in outpatient treatment or take forced medications. 
3 ¶ 5 After hearing from both sides, the court reaffirmed its prior findings, noting that the findings and the requirements in the orders were “still valid and appropriate,” and continued its imposition of legal disability and deprivation of legal rights order. But the court modified the order so that Lindholm could be discharged from inpatient treatment and reside with the petitioners. And, as relevant here, the court ordered that Lindholm (1) “not travel to the state of Nebraska without the petitioners”; (2) “engage in outpatient [therapeutic] services”; and (3) comply with “any recommended treatment under her discharge plan,” including taking “any prescribed medication as recommended by the outpatient facility” and “forced medication if necessary.” II. Discussion ¶ 6 Lindholm contends that the district court’s order depriving her of her legal right to determine her place of residence, make her own medical treatment decisions, and travel is not supported by the record. We are not persuaded. A. Standard of Review ¶ 7 Where, as here, a person challenges the sufficiency of the evidence supporting the court’s finding on any one of the elements 
4 outlined in section 27-65-127(2), we review the court’s conclusions of law de novo and defer to its factual findings if supported by the evidence. See People v. Marquardt, 2016 CO 4, ¶ 8. Where ample record evidence supports the court’s findings and conclusions based on clear and convicting evidence, we may not substitute our judgment for that of the district court. See People in Interest of A.J.L., 243 P.3d 244, 255 (Colo. 2010). B. Analysis ¶ 8 Under the statutory scheme governing mental health care and treatment, any interested person may petition the district court to impose a legal disability or deprive another of a legal right. § 27-65-
127(1)(a). An order under section 27-65-127 is permitted only where a court finds, by clear and convincing evidence, that the subject person (1) has a mental health disorder and is either a danger to themselves or others, is gravely disabled, or is insane; and (2) the requested disability or deprivation is both necessary and desirable. § 27-65-127(2), (5)(d). ¶ 9 Lindholm argues that the district court erred by finding that she was a danger to herself or others because nothing in her psychological history indicated that this was so, and her treating 
5 psychiatrist testified otherwise at the March 2024 hearing. But the relevant statute required the court to find that she “is a danger to [her]self or others, is gravely disabled, or is insane.” § 27-65-
127(2)(a) (emphasis added). And the court made a finding — which Lindholm does not challenge on appeal — that she is gravely disabled. Thus, her argument necessarily fails. See Lombard v. Colo. Outdoor Educ. Ctr., Inc., 187 P.3d 565, 571 (Colo. 2008) (the use of the word “or” in a statute marks distinctive categories). ¶ 10 Even so, the district court had ample evidence to support its conclusion that Lindholm is a danger to herself or others. Her former employer testified that Lindholm “developed . . . an alternate reality in her head that [he was] in love with her” despite being “happily married” with “two small children.” He testified that she had sent “dozens and dozens and dozens of text messages and voicemails” professing her love to him and “thinks that [his] two young children are actually her children.” Asked if he had concerns about his family’s safety, he responded that he did. He “installed security cameras all around [his] house,” had “a restraining order ready to file if and when she ever does arrive back in Hastings,” and 
6 noted that she is still in contact with him, having sent a message to him “in the last three days.” ¶ 11 Lindholm’s treating psychiatrist also testified that before being placed in the inpatient facility, Lindholm “was found in a dangerous situation several times,” including reports that she was found “in the middle of the street when she was walking her dog and that she had no (words jumbled) in what she was doing.” Another time, he testified, “she was found in the middle of, I believe, another state, Kansas or Nebraska.” The court, relying on this testimony, found that Lindholm was a danger to herself and to others, and the record is sufficient to support these findings. ¶ 12 Having concluded that the record supports the district court’s findings as to “danger to herself or others” and given that Lindholm does not challenge any of the other elements in section 27-65-
127(2), her remaining contentions necessarily fail. Indeed, Lindholm does not argue that the court acted outside of its authority under section 27-65-127 when it deprived her of her “right to reside and travel where she wants” or her “right to physical autonomy.” Cf. People v. Pflugbeil, 834 P.2d 843, 848-49 (Colo. App. 1992) (considering whether an interested person may petition 
7 the court for an order to deprive a person of their legal right to weapons and concluding that section 27-65-127, formerly section 27-10-125, confers such authority). ¶ 13 To the extent Lindholm argues that the district court’s conditions are unconstitutional restrictions on her rights to reside and travel where she wants or her right to bodily autonomy, these claims are unpreserved. Lindholm never raised a constitutional objection to the court’s conditions related to her care, residence, travel, or forced medication. So we will not address these claims. See People v. Cagle, 751 P.2d 614, 619 (Colo. 1988) (“It is axiomatic that this court will not consider constitutional issues raised for the first time on appeal.”); see also Colgan v. State, Dep’t of Revenue, 623 P.2d 871, 874 (Colo. 1981) (same). And we decline to address Lindholm’s undeveloped assertion that conditions “4 and 5 on page 4” of one of the court’s orders are “duplicative, and likely to cause confusion for the provider or the Appellant.” See People v. Lowe, 2021 CO 51, ¶ 20 n.4. (appellate court will not address undeveloped assertions of error lacking support in legal authority). III. Disposition ¶ 14 The order is affirmed. 
8 JUDGE NAVARRO and JUDGE JOHNSON concur.