Court of Appeals No. 14CA2462
City and County of Denver District Court No. 14CV32935 Honorable Morris B. Hoffman, Judge
Anne L. McGihon, Plaintiff-Appellant, v.
Thomas E. Cave and Jessica K. Peck, Defendants-Appellees.
ORDER AFFIRMED
Division I 
Opinion by JUDGE MILLER 
Taubman, J., concurs 
Fox, J., specially concurs
Announced May 19, 2016
The Contigulia Law Firm, P.C., Andrew J. Contigulia, Denver, Colorado, for Plaintiff-Appellant
Law Firm of Hampton & Pigott, LLP, Audris G. Hampton, David J. Pigott, Broomfield, Colorado, for Defendant-Appellee Thomas E. Cave
Timmins, LLC, Edward P. Timmins, Jo Deziel Timmins, Denver, Colorado, for Defendant-Appellee Jessica K. Peck
 
¶ 1       Plaintiff, Anne L. McGihon, appeals the district court’s order dismissing her petition for entry of judgment based on an administrative law judge (ALJ) order awarding her attorney fees under section 1-45-111.5(2), C.R.S. 2015, of the Fair Campaign Practices Act (FCPA). We affirm.
Background
¶ 2       Defendant Thomas E. Cave filed a complaint with the Colorado 
Secretary of State alleging that McGihon, a lobbyist, violated the FCPA by allowing her name to be placed on an event invitation on behalf of a candidate for the Colorado House of Representatives. Cave v. McGihon, slip op. at 1 (Colo. App. No. 13CA0137, Nov. 27, 2013) (not published pursuant to C.A.R. 35(f)). Following a hearing, the AUJ dismissed Cave’s claims and awarded McGihon attorney fees in the amount of $17,712.38, finding that Cave’s claims were substantially groundless, frivolous, and vexatious. Id. at 4. The ALJ awarded the fees jointly and severally against Cave and Cave’s counsel, Jessica K. Peck. Id. at 4-5. Cave appealed the dismissal and the attorney fees award, and a division of this court affirmed the AUJ’s order. Id. at 1.
 
¶ 3     McGihon filed a petition for entry of judgment in the district court against Cave and Peck. Cave and Peck filed separate motions to dismiss the petition under C.R.C.P. 12(b). The district court granted the motions and dismissed the case for lack of subject matter jurisdiction. The court concluded that while section 1-45­111.5(2) allows an AUJ in campaign finance cases to award fees and costs against either party or its lawyers, no statutory authority exists for the district court to convert such an award into a district court judgment. The district court further held that the plain language of the Colorado Constitution, article XXVIII, section 9(2)(a), permits only the secretary of state or the person filing an action to enforce the campaign finance laws to enforce the ALJ’s order awarding fees.
Analysis
¶ 4      McGihon contends the district court erred when it dismissed her petition for entry of judgment due to lack of jurisdiction. As a question of first impression, we consider whether section 1-45­111.5(2) and article XXVIII, section 9(2)(a) permit a respondent who has been awarded attorney fees in an FCPA action to enforce the award in the district court. We conclude they do not.
Standard of Review
¶ 5        We review the interpretation of statutes and constitutional  provisions, which are questions of law, de novo. Roup v. Commercial Research, LLC, 2015 CO 38, ¶ 8 (statutes); Bruce v. City of Colorado Springs, 129 P.3d 988, 992 (Colo. 2006) (constitution).
Interpretation of Statutes and Constitutional Provisions
¶ 6        We are guided by the same rules of construction when 
interpreting statutory and constitutional provisions. Huber v. Colo. Mining Ass’n, 264 P.3d 884, 889 (Colo. 2011); Colo. Republican Party v. Williams, 2016 COA 26, ¶ 15. Our task is to ascertain and give effect to the General Assembly’s intent, or, in the case of a constitutional provision, the intent of the electorate that adopted it. Nowak v. Suthers, 2014 CO 14, ¶ 20 (statutory); Harwood v. Senate Majority Fund, LLC, 141 P.3d 962, 964 (Colo. App. 2006) (constitutional). We look first to the plain and ordinary meaning of the language used. Roup, ¶ 8; Colo. Republican Party, ¶ 15. Where the language is unambiguous, we do not resort to other rules of statutory interpretation but apply the language as written. Reno v. Marks, 2015 CO 33, ¶ 20; Colo. Republican Party, ¶ 15. “Where a constitutional provision and a statute pertain to the same subject matter, we construe them in harmony.” Colo. Ethics Watch v. Clear the Bench Colo., 2012 COA 42, ¶ 10.
Section 1-45-111.5(2) and Colorado Constitution, Article XXVIII, Section 9(2)(a)
¶ 7        The FCPA was enacted in 1996 and declares that “the interests of the public are best served by limiting campaign contributions, establishing campaign spending limits, full and timely disclosure of campaign contributions, and strong enforcement of campaign laws.” § 1-45-102, C.R.S. 2015.
¶ 8        Section 1-45-111.5(2) was added to the FCPA in 2003 and allowed the prevailing party in a private campaign finance violation action to recover his or her reasonable attorney fees and costs. Ch. 339, sec. 6, § 1-45-111.5(2), 2003 Colo. Sess. Laws 2160.
¶ 9        In 2005, section 1-45-111.5(2) was substantially rewritten to 
limit the availability of attorney fees and costs in an action under the FCPA. Ch. 228, sec. 4, § 1-45-111.5(2), 2005 Colo. Sess. Laws 852. Section 1-45-111.5(2) in its current form provides:
A party in any action brought to enforce the provisions of article XXVIII of the state constitution or of this article shall be entitled to the recovery of the party’s reasonable attorney fees and costs from any attorney or party who has brought or defended the action, either in whole or in part, upon a determination by the office of administrative courts that the action, or any part thereof, lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under the Colorado rules of civil procedure.
Thus, an AUJ determines whether fees and costs may be awarded. However, section 1-45-111.5 is silent regarding how a party who is awarded attorney fees and costs by an AUJ can seek to enforce such an award. Nor do we find language addressing enforcement of an ALJ’s attorney fees order in any other section of the FCPA.
¶ 10      Some light is shed on this issue by article XXVIII, entitled 
“Campaign and Political Finance,” which was added to the state constitution in 2002 to best serve the interests of the public “by limiting campaign contributions, establishing campaign spending limits, providing for full and timely disclosure of campaign contributions, independent expenditures, and funding of electioneering communications, and strong enforcement of campaign finance requirements.” Colo. Const. art. XXVIII, § 1. Section 9(2)(a) of this article directs the secretary of state to refer any complaint alleging a campaign finance law violation to an AUJ for resolution. It also permits an AUJ to order a sanction or other relief, upon determination that a violation of the FCPA had occurred. The ALJ’s decision may be enforced by the secretary of state, or, if the secretary of state does not file an enforcement action within thirty days of the decision, in a private cause of action by the person filing the complaint. Any private action brought under this section shall be brought within one year of the date of the violation in state district court.[1]
¶ 11      Reading the language in section (9)(2)(a) according to its plain 
and ordinary meaning, it provides that two persons may file an action to enforce an AUJ’s order of sanctions for violations of the FCPA and article XXVIII in the district court: (1) the secretary of state or (2) “the person filing the complaint” alleging the campaign finance law violation. It does not make any provision allowing a respondent in a campaign finance action who is awarded attorney fees by an AUJ to file an action for enforcement of the AUJ’s order in the district court. We note that section 9(2)(a) was enacted before the enactment of the revisions to section 1-45-111.5(2) that allowed the AUJ to award either complainants or respondents attorney fees. However, neither article XXVIII nor the statute was subsequently amended to create a parallel right of enforcement for both complainants and respondents who are awarded fees in a campaign finance violation action. Accordingly, the plain language of section 1-45-111.5(2) and section 9(2)(a) read together creates a nonreciprocal right to enforce an AUJ’s attorney fees award ordered in a campaign finance violation action and leaves a respondent awarded fees and costs without a remedy under either the FCPA or article XXVIII to enforce that award. While this may create an unintended result, the legislature or the people must determine the remedy, and we are not a board of editors with power to rewrite statutes or the constitution to improve them. See People v. Cooper, 27 P.3d 348, 360 (Colo. 2001) (courts may not rewrite or eliminate clear and unambiguous statutes because they do not believe the legislature would have intended the consequences of the statutes); Dep’t of Transp. v. City of Idaho Springs, 192 P.3d 490, 494 (Colo. App. 2008); but cf. Rodriguez v. Schutt, 914 P.2d 921, 929 (Colo. 1996) (holding that court may sever and strike only the portion of a statute held to be unconstitutional). Any shortcoming in the statutory language “is one that the legislature is well equipped to address.” City of Idaho Springs, 192 P.3d at 494.
¶ 12 Finally, McGihon also contends in a somewhat conclusory manner that section 24-4-106, C.R.S. 2015, provides a basis for her enforcement of the AUJ award of attorney fees in the district court. We are not persuaded. Section 24-4-106(4) permits “any person adversely affected or aggrieved by any agency action” to seek judicial review in the district court. McGihon, however, is not adversely affected or aggrieved by the ALJ’s order. See § 24-4­102(3.5), C.R.S. 2015. Section 24-4-106(3) permits an action to be commenced for judicial enforcement of a final agency order, but only by or on behalf of an agency. The statute provides no method of enforcement for such an order by a private party.
¶ 13 Because McGihon was the respondent in the campaign finance violation action and not authorized by section 9(2)(a) to seek enforcement of the ALJ’s attorney fees order in the district court, we conclude that the district court did not err when it dismissed her petition for lack of subject matter jurisdiction.[2]
Constitutionality
¶ 14 McGihon contends that adopting a plain language interpretation of section 1-45-111.5(2) and section 9(2)(a) that prohibits her from seeking enforcement of the attorney fees order in the district court violates her right to substantive due process and equal protection. Because McGihon raises these arguments for the first time on appeal, we do not address them.
¶ 15      In its order, the district court explicitly noted: “I do not 
address, because plaintiff does not argue, whether this unambiguous statutory language is unconstitutional under the state or federal constitutions, or whether the unambiguous constitutional language violates the federal constitution.”
¶ 16 The record supports the district court’s finding that McGihon did not assert her constitutional arguments in the district court. McGihon cites a single case indicating that we may, as a matter of discretion, review unpreserved challenges to a statute’s constitutionality where doing so would clearly further judicial economy. People v. Houser, 2013 COA 11, ¶ 35. Houser, however, is a criminal case, and in criminal cases, unlike civil cases, plain error review of unpreserved errors is allowed in specified circumstances. See Hagos v. People, 2012 CO 63, ¶ 14. The rule is otherwise for constitutional challenges in civil cases: “We do not consider constitutional issues raised for the first time on appeal.” City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co., 239 P.3d 1270, 1276 (Colo. 2010); see also Colgan v. State, Dep’t of Revenue, 623 P.2d 871, 874 (Colo. 1981); Manka v. Martin, 200 Colo. 260, 264, 614 P.2d 875, 877 (1980); Raptor Educ. Found., Inc. v. State, Dep’t of Revenue, 2012 COA 219, ¶ 18.
 
III. Appellate Attorney Fees
¶ 17 McGihon, Cave, and Peck all request their attorney fees incurred on appeal. C.A.R. 39.5 requires that a party claiming attorney fees on appeal state the legal basis for his or her request in the party’s principal appellate brief. McGihon makes no more than a cursory request for appellate fees and cites no legal authority for her request. We therefore deny her request. See, e.g., Williams v. Rock-Tenn Servs., Inc., 2016 COA 18, ¶ 31.
¶ 18 We also deny Cave’s and Peck’s requests for appellate attorney fees. Citing Keith v. Kinney, 140 P.3d 141 (Colo. App. 2005), they contend that McGihon was unable to establish any element of her claim in the district court, and nonetheless filed a frivolous appeal. We disagree. Cave and Peck conceded at oral argument that they are obligated to pay the amounts awarded by the AUJ. This is a case of first impression involving construction of statutory and constitutional provisions. We conclude that McGihon acted in good faith in attempting to find a means of enforcing her undisputed fee award and that, accordingly, her appeal was not “wholly frivolous and groundless.” Id. at 159.
IV. Conclusion
¶ 19 The order is affirmed.
JUDGE TAUBMAN concurs. JUDGE FOX specially concurs.
 
JUDGE FOX, specially concurring.
¶ 20 I concur with the majority’s conclusion that article XXVIII, section 9(2)(a) of the Colorado Constitution did not authorize McGihon to seek enforcement of the ALJ’s attorney fees order. I write separately to highlight the concession made during oral argument that neither Peck nor Cave challenges the validity of the ALJ’s attorney fees order — only the enforcement, under article XXVIII, section 9(2)(a). Given this concession, in my view, Peck’s apparent disregard for the ALJ’s order — coupled with her failure to explain the apparent lack of effort to arrange to comply with the order — may indicate a violation of her duties as a Colorado attorney. As an attorney licensed to practice law in Colorado, Peck has certain duties that may not bind her client, Cave (assuming he is not a lawyer). See generally Colo. RPC. For example, Colorado attorneys cannot knowingly disobey an obligation under the rules of a tribunal, Colo. RPC 3.4(c), and cannot engage in conduct that is detrimental to the administration of justice, Colo. RPC 8.4(d).[1] See also People v. Verce, 286 P.3d 1107, 1108 (Colo. O.P.D.J. 2012) (concluding that a year-and-a-day suspension was appropriate for an attorney who disobeyed a court order to pay child support, resulting in substantial arrearages, thereby violating Colo. RPC 3.4(c) and Colo. RPC 8.4(d)).

1 At oral argument, McGihon asserted for the first time in this litigation that the phrase “the person filing the complaint” refers to the person filing the complaint in the district court. We do not consider arguments that were not raised in the district court. See Estate of Stevenson v. Hollywood Bar & Cafe, Inc., 832 P.2d 718, 721 n.5 (Colo. 1992) (“Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal.”); Farmer v. Raemisch, 2014 COA 3, ¶ 5 (citing Estate of Stevenson). Nor do we consider arguments first asserted in oral argument. See Bumbal v. Smith, 165 P.3d 844, 847-48 (Colo. App. 2007). The constitutional provision references an “enforcement action” or a “private action” to describe an action brought in the district court to enforce an award or order already obtained from an AUJ. This is distinguishable from the initial action filed by a complainant alleging a campaign practices violation. Colo. Const. art. XXVIII, § 9(2)(a) (emphasis added).
2 Our decision does not affect the validity of the ALJ’s original order awarding attorney fees, which was previously affirmed by a division of this court. Cave v. McGihon, slip op. at 1 (Colo. App. No. 13CA0137, Nov. 27, 2013) (not published pursuant to C.A.R. 35(f)).
1 As a Colorado attorney, McGihon’s counsel has like constraints. And, although a judge of this court can note the apparent disciplinary violations, counsel is not at liberty to threaten disciplinary proceedings to enforce the ALJ’s order. See Colo. RPC 4.5.