COLORADO COURT OF APPEALS                                    **2017COA73**

---

Court of Appeals No. 16CA1381
Summit County District Court No. 16CV30071
Honorable Edward J. Casias, Judge

---

Tyra Summit Condominiums II Association, Inc., a Colorado nonprofit
corporation,

Petitioner-Appellee,

v.

Katherine Jean Clancy and Heather Clancy,

Appellants.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE GRAHAM
Taubman and Navarro, JJ., concur

Announced May 18, 2017

---

Winzenburg, Leff, Purvis & Payne, LLP, Wendy E. Weigler, Littleton, Colorado,
for Petitioner-Appellee

The Klug Law Firm, LLC, Noah Klug, Breckenridge, Colorado, for Appellants

¶ 1      This case requires us to address certain provisions of the

Colorado Common Interest Ownership Act (the Act), sections

38-33.3-101 to -402, C.R.S. 2016.  The Act sets forth a "uniform

framework for the creation and operation of common interest

communities," such as condominiums and cooperatives.

§ 38-33.3-102(1)(a), C.R.S. 2016.  Among other things, the Act

creates a judicial procedure for amending a declaration — the

recorded instrument that creates a common interest community

and sets forth the owners' rights.  §§ 38-33.3-103(1), -205, -217(7),

C.R.S. 2016.

¶ 2      Two condominium owners argue that the district court should

not have granted a petition by their condominium association to

amend its declaration because the association failed to satisfy all of

the statutory requirements.  We agree with the condominium

owners that the association failed to comply with all statutory

requirements because it did not give owners sufficient notice of an

association meeting, and we therefore reverse.

I.      Background

¶ 3      Katherine Jean Clancy and Heather Clancy (the Owners) own

a condominium unit at the Tyra Summit Condominiums II in

Breckenridge, Colorado (Tyra II). Tyra II is administered by the Tyra Summit Condominiums II Association, Inc. (the Association). Each person or entity who owns a condominium unit at Tyra II is a member of the Association, and the Association is run by a Board of Managers (the Board).

¶ 4    The Association was established by a declaration recorded in 1983 and is governed by that declaration and various amendments recorded thereafter (collectively, the Declaration).[1] In 2016, the Association sought judicial approval of its attempt to amend the Declaration (the Amendment), which effectively rewrote the 1983 Declaration "[b]ecause the original document [was] so outdated, the Board felt it was necessary to start over from the beginning."

¶ 5    The Owners objected to the Amendment, arguing that the Association failed to meet several statutory requirements and that the Amendment improperly changed their allocated interests. After a hearing, at which the parties offered documentary evidence and

---

[1] Although the Act generally applies only to common interest communities created after its adoption in 1992 (§ 38-33.3-115, C.R.S. 2016), certain provisions apply to communities created before the Act was adopted (§ 38-33.3-117, C.R.S. 2016), including provisions relevant to this case: sections 38-33.3-217(7) and 38-33.3-308(1), C.R.S. 2016. § 38-33.3-117(1)(h), (1.5)(i).

oral argument, but no testimony, the district court found that the Association had met all the statutory requirements and approved the Amendment in an oral ruling; the court later signed a brief written order to the same effect.

¶ 6      The Owners appeal the order, arguing that (1) the judicial amendment procedure is unconstitutional both on its face and as applied; (2) the Association failed to meet several statutory requirements; and (3) the Amendment improperly changes their allocated interests.  We do not address the Owners' first argument because it is not preserved, but we agree with the Owners that the Association failed to meet all statutory requirements because it failed to give proper notice of the association meeting at which the Amendment was discussed.  We therefore reverse the order approving the Amendment.  In light of our disposition, it is not necessary to reach the Owners' remaining contentions.

## II.    We Do Not Address the Owners' Unpreserved Constitutionality Argument

¶ 7      The Owners first argue that section 38-33.3-217(7) is unconstitutional because it impairs a contract in violation of article II, section 11 of the Colorado Constitution.  We do not address this

argument because it is raised for the first time on appeal. *See McGihon v. Cave*, 2016 COA 78, ¶ 16 ("[I]n civil cases . . . '[w]e do not consider constitutional issues raised for the first time on appeal.'" (quoting *City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1276 (Colo. 2010))).

¶ 8 To the extent the Owners argue that *Roberts v. American Family Mutual Insurance Co.*, 144 P.3d 546 (Colo. 2006), requires us to do so, we disagree. Whether we address unpreserved constitutional challenges is always a matter of discretion. *See McGihon*, ¶ 16 ("[W]e may, *as a matter of discretion*, review unpreserved challenges to a statute's constitutionality where doing so would clearly further judicial economy.") (emphasis added). And we decline to exercise our discretion in favor of review here because this case can be decided on a nonconstitutional basis.

### III. The Association Did Not Satisfy the Statutory Requirements for Judicially Amending the Declaration Because It Did Not Give Sufficient Notice of the Association Meeting

¶ 9 The Owners also assert that the district court erred in approving the Amendment because the Association failed to meet several statutory prerequisites. We agree that the Association failed

4

to provide sufficient notice of the meeting at which the Amendment was discussed, reverse on that basis, and decline to address the Owners' remaining arguments.

## A. Standard of Review

¶ 10 Although we find no authority articulating the standard of review for a decision granting or denying a petition to amend a declaration under section 38-33.3-217(7), we conclude that such a decision presents mixed questions of law and fact, and we therefore review the trial court's interpretation of the statute and declaration de novo, but we review the trial court's factual findings for clear error. *See Sheridan Redevelopment Agency v. Knightsbridge Land Co.*, 166 P.3d 259, 262 (Colo. App. 2007).

¶ 11 This case is analogous to *Sheridan,* where a division of this court considered what standard of review was appropriate for a trial court's determination as to whether a redevelopment agency complied with a statute and an urban renewal plan. *Id.* The division concluded that the decision presented "mixed questions of law and fact because we must first consider what the statute and the redevelopment plan require, a legal question, and we must then consider whether petitioner complied with the statute and the

redevelopment plan, a factual question." *Id.* Thus, the division afforded "traditional deference to the trial court's extensive findings regarding petitioner's actions, while interpreting the statute and the plan independent of the trial court." *Id.* (citation omitted).

¶ 12 Similarly, here, the decision to approve the Association's petition to amend the Declaration involves interpreting provisions of the Act to determine what is legally required to amend the Declaration, and then making factual findings regarding the actions the Association took to get the Amendment approved. Thus, we apply the same standard, interpreting the Act de novo but deferring to the district court's factual findings unless they are clearly erroneous.

¶ 13 When interpreting a statute, our goal is to give effect to the General Assembly's intent. *McGihon*, ¶ 6. "[I]f the language is clear and the intent of the General Assembly may be discerned with certainty, we need not resort to other rules of statutory interpretation," *Sheridan*, 166 P.3d at 262 (quoting *W. Fire Truck, Inc. v. Emergency One, Inc.*, 134 P.3d 570, 573 (Colo. App. 2006)), and we "apply the language as written," *McGihon*, ¶ 6.

¶ 14     When reviewing factual findings, we defer to the district court's findings so long as they are supported by the record. *Sheridan*, 166 P.3d at 262. However, where findings of fact are based solely on uncontested documentary evidence, "an appellate court is as competent as the trial court to review the sufficiency of the evidence and apply the law thereto." *Colo. River Water Conservation Dist. v. Mun. Subdistrict*, 198 Colo. 352, 355, 610 P.2d 81, 83 (1979).

¶ 15     Under the Act, a court may grant a petition to amend a declaration when, among other things, "it finds that . . . [t]he association has complied with all requirements of this subsection (7)." § 38-33.3-217(7)(e)(I). One requirement of subsection (7) is that "[t]he association has discussed the proposed amendment during at least one meeting of the association." § 38-33.3-217(7)(a)(II). The Act further provides the following:

> Not less than ten nor more than fifty days in advance of *any* meeting of the unit owners, the secretary or other officer specified in the bylaws shall cause notice to be hand delivered or sent prepaid by United States mail to the mailing address of each unit or to any other mailing address designated in writing by the unit owner. . . . The notice shall state the time and place of the meeting and the items on the

7

agenda, *including the general nature of any proposed amendment to the declaration* or bylaws . . . .

§ 38-33.3-308(1), C.R.S. 2016 (emphasis added).

### B.  Analysis

¶ 16    We conclude that it was error to approve the Association's petition to amend the Declaration because the record does not support the district court's finding that all the requirements of section 38-33.3-217(7) were met.  Specifically, the documentary evidence shows that the Association did not provide adequate notice to owners of the meeting where the proposed amendment would be (or was, according to the Association) discussed.  *See* § 38-33.3-308(1).  Thus, the Association did not meet the requirement that it discussed the proposed amendment at an association meeting.  *See* § 38-33.3-217(7)(a)(II).

¶ 17    The parties agree that the meeting at which the Amendment was allegedly discussed occurred on August 1, 2015.[2]  The record includes two documents that might be deemed notice of the

---

[2] The Owners argue that the Amendment was not actually discussed at that meeting, but they do not dispute the date of the meeting.

8

meeting. The first is dated only "June," and it contains the subject line: "Annual Homeowners meeting for 2015." The document advises Tyra II owners that the 2015 annual meeting would take place on August 1, 2015, at 9 a.m. and provides the following information regarding the Amendment:

> Rewriting of our Declarations:
>
> [We] have been working on a Declarations rewrite and have agreed on a final draft which is currently at our Attorney's office to make the final adjustments. When our Attorney makes those changes we will be sending an entire packet via regular mail to each homeowner with a form for approval. It is very important for each owner to review the new Declarations, indicate their approval and mail the approval notice in the supplied self-address envelop [sic]. It takes 67% of homeowners to amend and implement the new Declarations.

¶ 18 The second document is dated July 28, 2015, and contains the subject line: "Amendments to the Tyra Summit Condominiums II Association, Inc. Declaration." This letter encloses a copy of the Amendment, a consent form, and a summary of the proposed changes; advises that sixty-seven percent of owners must agree to the Amendment; and summarizes "[s]ome of the most significant revisions."

9

¶ 19    Neither of these notices satisfies section 38-33.3-308(1).  The first notice did not include "the general nature of any proposed amendment to the declaration."  § 38-33.3-308(1).  Stating that the Board is in the process of finalizing a new declaration and indicating that information would be provided in the future does not provide owners with notice of the "general nature" of the proposed changes.  It merely notifies them that changes will be proposed.  Thus, we conclude that the first notice did not satisfy the requirements of section 38-33.3-308(1).

¶ 20    The second notice also failed to satisfy section 38-33.3-308(1) because it was not provided at least ten days before the meeting at which the proposed Amendment was to be discussed.  Assuming the letter was actually sent on July 28,[3] that is only three days in advance of the August 1 meeting, not more than ten as required.

_____

[3] The Owners argue that the letter was not sent on July 28 based in part on a notation in the August 1 meeting minutes that "packets of information are ready to be mailed to each Unit homeowner.  If homeowners choose they may pick up packets today."  The district court did not appear to resolve this dispute, concluding only that, pursuant to section 38-33.3-217(7)(a)(I), at least two notices had been sent to owners.  In its oral ruling, the court stated, "I think probably September and December were the two that would indicate more of a mailing.  I think August is sort of standing on the

10

¶ 21　Because there was no valid notice of the association meeting, the record does not support the finding that the Association satisfied all requirements of subsection (7) — the Amendment was not discussed "during at least one meeting of the association." § 38-33.3-217(7)(a)(II).  We therefore reverse the order approving the Amendment.

## IV.　Remaining Contentions

¶ 22　Because we reverse on the basis of the insufficient meeting notice, we do not address the Owners' remaining arguments that the Association failed to satisfy other requirements of the Act's judicial amendment procedure or that the Amendment impermissibly changed the owners' allocated interests.

## V.　Attorney Fee Requests

¶ 23　Each party requested attorney fees.  As the prevailing party on appeal, the Owners are entitled to their reasonable attorney fees and costs.  *See* § 38-33.3-123(1)(c), C.R.S. 2016 ("In any civil action to enforce or defend the provisions of this article . . . , the court

---

premise that they were sent out July 28th, which owners may not have received.  But they weren't changing or petitioning at that time."

11

*shall* award reasonable attorney fees, costs, and costs of collection to the prevailing party.") (emphasis added).  We therefore remand for a determination of the Owners' reasonable attorney fees and costs.  *See* C.A.R. 39.1.

## VI.  Conclusion

¶ 24    The order is reversed, and the case is remanded for proceedings consistent with this opinion.

JUDGE TAUBMAN and JUDGE NAVARRO concur.