24CA1900 DeWalt v Support 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1900
Arapahoe County District Court No. 23CV182
Honorable Elizabeth Beebe Volz, Judge

Rodney DeWalt,

Plaintiff-Appellant,

v.

Support Inc., a Colorado corporation,

Defendant-Appellee.

ORDER AFFIRMED

Division VI
Opinion by JUDGE GOMEZ
Welling and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Rodney DeWalt, Pro Se

Hall & Evans, LLC, Christopher T. Brousseau, Ryan L. Winter, Denver,
Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Rodney DeWalt, brought this case against defendant, Support Inc. (Support), asserting claims for breach of contract, intentional infliction of emotional distress, negligence, and false imprisonment. All of the claims relate to the care of DeWalt's adult son, who has developmental disabilities.

## I.    Background

¶ 2     Early in the case, the district court granted in part Support's motions to dismiss, thereby dismissing the claims for negligence and false imprisonment. Later, on August 13, 2024, the court granted Support's motion for summary judgment, thus disposing of the remaining claims for breach of contract and intentional infliction of emotional distress.

¶ 3     Soon thereafter, Support filed a bill of costs, along with various exhibits supporting its claimed costs. DeWalt didn't object. On October 4, 2024, the district court awarded Support about $4,800 in costs — most, but not all, of the amount it had requested.

¶ 4     DeWalt filed this appeal on October 29, 2024. The parties submitted their appellate briefs, and Support asserted in its brief that the appeal was untimely. This court later issued a show cause order stating that, based on the date of the judgment (August 13,

1

2024), the deadline to appeal was October 1, 2024; the appeal was filed twenty-eight days after that deadline; and no extension of time for filing the appeal was ever granted. *See* C.A.R. 4(a); *Widener v. Dist. Ct.*, 615 P.2d 33, 33-34 (Colo. 1980). After receiving DeWalt's response, this court issued a second show cause order, indicating that the appeal was timely as to the October 4, 2024 order on costs but that DeWalt didn't appear to be raising any arguments on appeal relating to that order. In response, DeWalt submitted that the "last pages" of his opening brief "speak[] of" the "[b]ill of [c]osts." Accordingly, a division of this court issued an order dismissing the appeal as to the judgment but allowing the appeal to proceed as to the order on costs.

## II.    Analysis

¶ 5      We now affirm the district court's order on costs.

¶ 6      Most of DeWalt's opening brief concerns the district court's summary judgment ruling, and DeWalt didn't file a reply brief. The only argument DeWalt makes regarding the order on costs is the following sentence at the end of his opening brief: "DeWalt should not be forced to pay for costs when the district court abused its discretion [sic] this would send a chilling effect on any future

similar actions."  He doesn't cite any part of the record or any rule, case law, or other authority supporting his suggestion that he shouldn't have to pay for Support's costs.

¶ 7        Thus, DeWalt doesn't develop or support any argument relating to the district court's order on costs.  *See Brightstar LLC v. Jordan*, 2024 COA 39, ¶ 98 ("We don't consider undeveloped and unsupported arguments." (quoting *In re Estate of Chavez*, 2022 COA 89M, ¶ 26)).  Nor did DeWalt preserve for appeal any argument relating to that order — for instance, by arguing in the district court that Support should not be awarded some or all of the costs it sought.  *See McGihon v. Cave*, 2016 COA 78, ¶ 10 n.1 ("We do not consider arguments that were not raised in the district court.").

¶ 8        Moreover, it is clear that the district court had discretion to award Support, as the prevailing party, the reasonable costs it incurred in defending this case.  *See* C.R.C.P. 54(d) ("Except when express provision therefor is made either in a statute of this state or in these rules, reasonable costs shall be allowed as of course to the prevailing party considering any relevant factors which may include the needs and complexity of the case and the amount in controversy."); *Marin Metro. Dist. v. Landmark Towers Ass'n*, 2014

COA 40, ¶ 52 ("Absent a prohibition in a statute or rule, the district court has considerable discretion in determining whether to award costs and what amount to award." (quoting *Valentine v. Mountain States Mut. Cas. Co.*, 252 P.3d 1182, 1187 (Colo. App. 2011))). In the absence of any developed argument indicating that the district court abused that discretion, we must affirm the court's award. *See Danko v. Conyers*, 2018 COA 14, ¶ 68 (we will disturb an award of costs only if the district court abused its discretion, such as by ruling in a manifestly arbitrary, unfair, or unreasonable manner).

## III.  Disposition

¶ 9      The district court's order on costs is affirmed.

JUDGE WELLING and JUDGE SULLIVAN concur.